W. T. SCOTT, APPELLEE, V. R. L. SPENCER ET AL., IM-
PLEADED WITH METCALF CRACKER COMPANY, AP-
PELLANT.

FILED NOVEMBER 8, 1894. No. 5943.

1. **Bill of Exceptions**: AUTHORITY OF CLERK TO SIGN. To
confer authority upon the clerk of a district court to sign and
allow a bill of exceptions it must appear that the judge is dead,
or that he is prevented by sickness or absence from his district
from signing and allowing the bill, or the parties to the liti-
gation, or their counsel, must agree upon the bill of exceptions
and attach thereto their written stipulation to that effect. (Sec-
tion 311, Code of Civil Procedure.)

2. ——: ——. The mere stipulation of counsel in a case that
the clerk of the court may sign and allow a bill of exceptions is
· not sufficient to confer authority upon him to do so.

3. ——: REVIEW. Where it is sought to present to this court
alleged errors occurring at the trial in a district court, a bill of
exceptions settled and signed as required by law is indispensably
necessary. *Edwards v. Kearney*, 14 Neb., 83, and *Reynolds v.
Dietz*, 39 Neb., 180, reaffirmed.

APPEAL from the district court of Buffalo county.
Heard below before HOLCOMB, J.

*Dryden & Main*, for appellant.

*Marston & Nevius, contra.*

RAGAN, C.

This is an appeal from a decree in equity pronounced by
the district court of Buffalo county. The bill of exceptions
in the case was signed and allowed by the clerk of the dis-
trict court. There is no showing in the record that the
judge of the district court was dead, or that he was pre-
vented by sickness, or absence from his district, from sign-
ing and allowing this bill of exceptions. Counsel for the

respective parties to the litigation made and filed in the case a stipulation in words and figures as follows: " It is hereby stipulated and agreed by and between the parties hereto that the bill of exceptions in the above entitled case may be settled by the clerk of the district court." Doubtless the clerk of the district court acted upon this stipulation as his authority for signing and allowing this bill of exceptions. Section 311 of the Code of Civil Procedure provides: "In case of the death of the judge, or when it is shown by affidavit that the judge is prevented by sickness, or absence from his district, as well as in cases where the parties interested shall agree upon the bill of exceptions, and shall have attached a written stipulation to that effect to the bill, it shall be the duty of the clerk to settle and sign the bill in the same manner as the judge is by this act required to do." To confer authority upon the clerk of a district court to sign and allow a bill of exceptions, then, it must appear that the judge of the district court is dead, or that he is prevented by sickness, or absence from his district, from signing and allowing the bill, or the parties to the litigation, or their counsel, must agree upon the bill of exceptions and attach thereto their written stipulation to that effect. Counsel for the parties to this litigation did agree and stipulate that the clerk might sign the bill of exceptions, but they did not agree by stipulation in writing attached to the bill that it was the correct bill of exceptions in the case. Where it is sought to present to this court alleged errors occurring at a trial in the district court, a bill of exceptions settled and signed as required by law is indispensably necessary. (*Reynolds v. Dietz*, 39 Neb., 180; *Edwards v. Kearney*, 14 Neb., 83.) We cannot, therefore, examine what purports to be the bill of exceptions in this case for the purpose of ascertaining whether the decree appealed from is the correct one under the evidence. In other words, the bill of exceptions cannot be used for any purpose. The only question left, then, in this case is

whether the pleadings support the judgment rendered; and as they do, it follows that the decree of the district court must be and is

AFFIRMED.