## M. YENNEY ET AL. V. CENTRAL CITY BANK.

FILED APRIL 3, 1895.    No. 5939.

1. **Negotiable Instruments:** PAYMENT: NOTICE TO TRANS-
    FEREE. Where a negotiable promissory note has been before
    maturity indorsed to a third person, the maker of the note must,
    in order to avail himself of the defense of payment before the
    indorsement, plead and prove that the plaintiff had notice of
    such payment before the indorsement.

2. **Bill of Exceptions:** DOCUMENTS: AUTHENTICATION. In order
    to authenticate a document attached to a record as the bill of ex-
    ceptions settled in the district court, there must be a certificate
    of the clerk of the court to that effect.

3. ———: ALLOWANCE BY CLERK. The mere stipulation of coun-
    sel that the clerk of the court may sign and allow a bill of ex-
    ceptions is not sufficient to confer authority upon him to do so.
    In order to confer such authority it must appear that the judge
    is dead; that he is prevented by sickness or absence from signing
    and allowing the bill, or the parties or their counsel must agree

upon the bill of exceptions and attach thereto their written stipulation to that effect. *Scott v. Spencer*, 42 Neb., 632, followed.

ERROR from the district court of Merrick county. Tried below before MARSHALL, J.

*J. W. Sparks*, for plaintiffs in error.

*W. T. Thompson, contra.*

IRVINE, C.

The defendant in error sued the plaintiffs in error on a promissory note made by the plaintiffs in error to the order of the Central City Bank, a partnership formerly existing, and which, before the maturity of the note, indorsed it to the defendant in error, a corporation which purchased the assets of the partnership of the same name.    The Yenneys. answered the petition, pleading that the partnership had held as collateral security to the note three notes of other persons which, prior to the transfer to the corporation, had been paid and their proceeds applied to the satisfaction of the note sued on, and that the corporation had notice of these facts at the time of its purchase.    There was a verdict and judgment for the bank and the Yenneys prosecute error.

The first point made on behalf of plaintiffs in error is that under the pleadings they were entitled to judgment. This argument is based upon the proposition that either by the petition or the reply it must be alleged that the bank was an innocent holder before maturity and had actually paid the consideration before notice of the defense.    We have before had occasion to advert to the unfortunate distinctions which have been drawn as to the burden of proof of *bona fides* when defenses are pleaded which would be sufficient against the original parties to a negotiable instrument. ( *Violet v. Rose*, 39 Neb., 660.)    The legislature has, however, freed the present case from difficulty on that

ground. Chapter 41, section 5, Compiled Statutes, is as follows: "If any such bond, note, or bill of exchange shall be indorsed on or before the day on which the same is made payable, and the indorsee shall institute an action thereon, the defendant may give in evidence at the trial any money actually paid on said bond, note, or bill of exchange before the same was indorsed or assigned to the plaintiff, on proving that the plaintiff had notice of such payment before such indorsement was made and accepted." The statute, therefore, requires as a part of the defense that the defendants establish notice on the part of the plaintiff. The petition alleged an indorsement to the plaintiff for value before maturity. The answer, after pleading the payment, proceeded as follows: "And these defendants allege that the plaintiff had knowledge before the assignment of said note set forth in said petition to it that said Merriam and Persinger held said three notes as collateral security to said note, and the said plaintiff had sufficient knowledge of the above set forth facts to have put it on its guard that these defendants had a full defense to said note; and that the same had been paid. And these defendants deny that said plaintiff is an innocent purchaser of said note before due and for a valuable consideration." The reply was a general denial. The allegation of notice was a material and necessary averment of the answer and the denial in the reply properly joined issue thereon.

Complaint is made of the sixteenth paragraph of the instructions. The only assignment of error in relation thereto is as follows: "The court erred in refusing to give instruction No. 1 asked for on behalf of plaintiffs in error and in giving on his own motion instructions Nos. 10, 11, 14, 15, 16, 20, 21, and 22 of instructions given." No complaint is made in the briefs of any instruction except the sixteenth, and some of those given by the court are too manifestly correct to admit of discussion. This assignment of error must, therefore, fail. (*Hiatt v. Kinkaid*, 40 Neb., 178.)

Complaint is also made of the admission in evidence of certain books of the banking partnership. What purports to be the bill of exceptions was allowed by the clerk of the court apparently under a stipulation of the same character as in *Scott v. Spencer*, 42 Neb., 632. Even this stipulation is not attached to the bill, but appears without any authentication whatever after the transcript of the record. The authority of the clerk to settle the bill does not therefore appear. Furthermore, there is no certificate of the clerk as required by section 587*b* of the Code of Civil Procedure authenticating the document filed as a bill of exceptions.

In order to leave no misapprehension as to the effect of this opinion, we think it proper to say that we have treated the case on the theory on which it was presented to the district court, and we are not deciding that payments made on collateral notes before the maturity of the note to secure which they are pledged are to be treated as payments upon the principal note before its maturity.

JUDGMENT AFFIRMED.