JAMES J. FELBER v. A. M. GOODING, ADMINIS-
TRATOR.

FILED FEBRUARY 4, 1896.   No. 6056.

Review: BILL OF EXCEPTIONS: AUTHENTICATION. The mat-
ters contained in what purports to be a bill of exceptions
need not be examined or considered in this court unless
such document is authenticated by a certificate of the
clerk of the proper district court, identifying it.

ERROR from the district court of Cedar county.
Tried below before NORRIS, J.

*Wilbur F. Bryant* and *J. C. Robinson,* for plaintiff
in error.

*Barnes & Tyler, contra.*

HARRISON, J.

The defendant in error was appointed admin-
istrator of the estate of Henry Felber, deceased,
by the county court of Cedar county, and, upon
presentation and examination of his final re-
port as such administrator, it was, as to cer-
tain items therein, disallowed, from which de-
termination of the matters adjudicated the ad-
ministrator appealed to the district court.   A
trial of the points in controversy resulted in their
decision favorable to the administrator.   From
this, error proceedings have been prosecuted to
this court on behalf of one of the heirs of Henry
Felber, deceased, who had objected to the allow-
ance of the report of the administrator in the
county court, and contested the questions in-
volved in the hearing upon appeal.

To understand and properly determine any of

the questions raised by the assignments of error and discussed in the brief of the complaining party, necessitates an examinaton of the evidence introduced before the trial court.  In the record there is what purports to be a bill of exceptions as allowed by the trial judge, but the only authentication by the clerk of the district court of any portion of the papers presented here is as follows: "I, John J. Goebel, clerk of the district court in and for said county, do hereby certify that the within and foregoing is a true and correct copy of the 'objections of James J. Felber, motion for new trial, and last journal entry,' as the same are on file and of record in my office at Hartington, Nebraska."  From this it will readily be seen that there is a very small part of the files of the case in this court authenticated by the certificate of the clerk of the district court, as required by law, and that the bill of exceptions is not included.  It is indispensably necessary that a bill of exceptions be properly authenticated.  If not, it will not be examined or considered.  (Code Civil Procedure, sec. 587*b*; *Martin v. Fillmore County*, 44 Neb., 719; *Yenney v. Central City Bank*, 44 Neb., 402; *Moore v. Waterman*, 40 Neb., 498.)  As the adjudication of points discussed and contended for by plaintiff in error must be governed by conclusions formed from an examination of the evidence, and the bill of exceptions containing the testimony is not authenticated in such a manner as to present it here for examination, it follows that the assignments of error are not supported, must be overruled, and the judgment or decree of the district court

AFFIRMED.