JOHN W. CHILDERSON V. MARY A. CHILDERSON.

FILED FEBRUARY 18, 1896.   No. 6154.

1. Appeal and Error: ELECTION OF REMEDIES.  Where a case
    is presented for review to this court within the time al-
    lowed in which to perfect an appeal, but a petition in
    error is filed therewith, the party bringing the case here
    will be presumed to have elected the remedy by error and
    the case will be so considered.

2. Review Without Bill of Exceptions.  Where the bill of ex-
    ceptions is not properly authenticated by the certificate
    of the clerk of the district court, as required by law, it.
    need not be examined by this court.

ERROR from the district court of Clay county.
Tried below before HASTINGS, J.

*Thomas H. Matters*, for plaintiff in error.

*Leslie G. Hurd, contra.*

HARRISON, J.

The plaintiff herein alleges the relationship of
husband and wife as existing between himself and
the defendant; that, as the outcome of difficulties
and dissensions during the course of their married
life, the wife left the home and abandoned the
plaintiff, and he, as a consideration for her return
to him and the family relations and duties and
continuance thereof and therein, did, during the

year of 1889, convey by deed to the wife certain lands in Clay county, Nebraska; that on or about the 8th day of December, 1891, the defendant violated her promise and contract and again departed from the home of the parties, and abandoned the plaintiff, by which act he became entitled to the property conveyed to her. Hence he prays a decree against her, requiring its reconveyance to him. The wife, in answer to the pleas of the plaintiff herein, admits the assumption of the marriage relation by and between plaintiff and herself, and that after some years of married life disagreements and contentions arose and prevailed, and finally to such an extent that she forsook the home and her marital rights, and also the duties, or was forced so to do, but she affirmatively states that at the time of the marriage to plaintiff she was the owner of certain property, both personal and real, the proceeds of which the plaintiff reduced to his possession and used in such manner and for such purposes as he desired, and the lands which the plaintiff conveyed to her were so conveyed to her in payment and to reimburse her for the appropriation of the proceeds of her separate property. To this answer of defendant there was filed a reply which in effect denied the affirmative matter contained therein or avoided its force, and reasserted the substantive matters set forth in the petition in so far as it related to the consideration for the conveyance of the lands from plaintiff to defendant. At the close of the trial of the issues the court rendered a decree favorable to defendant, by which the action was dismissed and the costs taxed against the plaintiff, and the case is presented here for review.

The record here is entitled as in an appeal, but
a petition in error was filed and a summons in
error was caused to be issued.   Under such cir-
cumstances it will be presumed that the plaintiff
has elected to present the case to this court by
error proceedings. (*Woodard v. Baird*, 43 Neb.,
311; *Monroe v. Reid*, 46 Neb., 316; *Burke v. Cun-
ningham*, 42 Neb., 645.) If this is treated as an
error proceeding, then the errors assigned in the
petition cannot be reviewed, for the reason that
no motion for a new trial was filed in the district
court.   Where a party does not move for a new
trial in the lower court, he cannot raise any ques-
tion on error to this court. (*Zehr v. Miller*, 40 Neb.,
791, and cases cited; *Brown v. Ritner*, 41 Neb., 52;
*Scroggin v. National Lumber Co.*, 41 Neb., 195;
*Appelget v. McWhinney*, 41 Neb., 253.) The tran-
script in the case at bar was filed within the time
for effecting appeal to this court, and if we were
at liberty under the rules to consider it as an ap-
peal, the questions raised and discussed in the
brief of counsel for the unsuccessful party in the
trial court all depend for their proper understand-
ing and decision on an examination and consid-
eration of portions of the evidence introduced at
the trial.   This necessitates in any case the pre-
sentation of the evidence to this court, properly
preserved in a duly authenticated bill of excep-
tions, and in the absence of such bill of exceptions
the evidence need not be investigated.   There
was no certificate of the clerk of the district court
attached to what purported to be the bill of excep-
tions.   It was not legally authenticated and is not
properly before this court. (*Martin v. Fillmore
County*, 44 Neb., 719; *Yenney v. Central City Bank*,
44 Neb., 402; *Felber v. Gooding*, 47 Neb., 38.) We

have, however, reviewed the testimony, and our conclusion is that, as to the points argued by the complaining party, it is conflicting, but sufficient to sustain the findings and judgment of the trial court, and had the case been suitably presented here for review as to such questions, the findings and judgment would not have been disturbed or reversed.    The judgment of the lower court is

AFFIRMED.