Andres v. Kridler.

PHILIP ANDRES ET AL. V. W. H. KRIDLER.

FILED MARCH 18, 1896.   No. 6284.

1. **Bill of Exceptions:** AUTHENTICATION.  The original bill of exceptions allowed by the district court or judge will not be examined by this court unless authenticated in the manner prescribed by statute.

2. **Review:** EVIDENCE: BILL OF EXCEPTIONS.  Assignments of error relating to the sufficiency of the evidence and the rulings of the court in receiving and excluding evidence, will be disregarded in the absence of a bill of exceptions properly allowed and authenticated.

3. **Pleading:** NAMES OF PARTIES.  Where the pleadings disclose a cause of action against a defendant personally, superadded words, such as "agent," "executor," or "director," should be rejected as *descriptio personæ.*  (*Thomas v. Carson,* 46 Neb., 765.)

ERROR from the district court of Douglas county.   Tried below before SCOTT, J.

*Charles W. Haller,* for plaintiffs in error.

*John P. Breen, contra.*

Post, C. J.

The defendant in error, as plaintiff in the district court, recovered a judgment against the plaintiffs in error, defendants therein, upon an instrument of which the following is a copy:

"$500.                OMAHA, NEB., March 24, 1888.

"Ninety days after date we promise to pay to Dennis J. Keleher, or order, five hundred dollars, for value received, payable at the banking house of McCague Brothers, Omaha, Nebraska, with interest at the rate of ten per cent per annum until paid.                        PHILIP ANDRES, *Pres.*

"J. W. McDONALD,
"J. H. STANDEVEN,
"THOMAS FALCONER,
"C. M. O'DONOVAN,
"DENNIS J. KELEHER,
"JOHN JENKINS,
*"Directors Omaha Truth P. & P. Company."*

Separate answers were filed by the several defendants, in all of which it was in substance alleged that the instrument sued on was the note of the Omaha Truth Printing & Publishing Company, a corporation; that it was taken and accepted by Keleher, the payee therein named, with the distinct understanding and agreement that it was the obligation of the corporation named and not the contract of the individual signers, or any of them. It was further alleged that the plaintiff therein was not a *bona fide* holder of said note, and that he took it after maturity with notice of the defendants' rights in the premises. The plaintiff, in reply, denied the allegations of the answers, and charged that said note was executed by the

defendants as their personal obligation, and not in behalf of said corporation.

From the transcript of the judgment it appears that the cause was called for trial, having been reached in its order November 7, 1892, and there being no appearance for the defendants, a jury was waived by the plaintiff and a trial had to the court, with the result stated. The defendants, in due time, moved to set aside the judgment so rendered, and for a new trial, assigning therefor the following grounds:

"1. There was irregularity in the prevailing party, by which the above named five defendants were prevented from having a fair trial.

"2. There was misconduct of the prevailing party.

"3. Said five defendants and the attorneys of said five defendants were the victims of accident and surprise, which ordinary prudence could not have guarded against.

"4. There was error in the assessment of the amount of recovery.

"5. The decision is not sustained by sufficient evidence, and is contrary to law."

Said motion coming on for hearing at a later day of the term was by the court overruled, to which order exceptions were duly taken and the cause removed into this court for review. It appears from the transcript that evidence was submitted in support of the allegations made in the first, second, third, and fifth assignments of the motion for new trial. But the alleged bill of exceptions, although apparently allowed by the trial judge, is not authenticated in the manner required by statute to make it a record of this court. Indeed, there is no pretense whatever of an authen-

tication, and the assignments which depend upon a bill of exceptions must accordingly be disregarded. (*Flynn v. Jordan*, 17 Neb., 520; *Wood Mowing & Reaping Machine Co. v. Gerhold*, 47 Neb., 397; *Oltmanns v. Findlay*, 47 Neb., 289, and cases cited.)

It is, however, contended that the petition failed to state a cause of action against the defendants therein named, for the reason that the instrument sued on is the contract of the corporation named and not of the individual signers. We held in *Thomas v. Carson*, 46 Neb., 765, that where a petition or complaint states a cause of action in favor of the plaintiff personally, superadded words, such as "agent," "executor," or "trustee," should be rejected as *descriptio personæ*. (See, also, *Farrell v. Reed*, 46 Neb., 258.) The rule as there stated is sanctioned by the overwhelming weight of authority, and is without doubt applicable to the facts of the case at bar.

Our attention is also called to an error in the assessment of damage, whereby judgment was allowed for eighteen cents in excess of the amount actually due on the note. The amount named, although small, is not beneath the cognizance of the court, and the defendant in error will accordingly be required to remit the amount erroneously assessed in his favor; and upon the filing of such remittitur within twenty days the judgment will be affirmed.

JUDGMENT ACCORDINGLY.