J. F. Sieberling & Company v. Anson L.
Fletcher.

Filed April 7, 1896.   No. 6436.

Bill of Exceptions: Authentication. A bill of exceptions,
though signed and allowed by the clerk of the district
court in pursuance of the stipulation therefor required
by statute, cannot be used in this court for any purpose,
unless the clerk also certifies such bill of exceptions to be
the original or a true copy. *Martin v. Fillmore County*,
44 Neb., 719, followed.

Error from the district court of Sherman
county.   Tried below before Holcomb, J.

*Paul & Templin*, for plaintiff in error.

*Nightingale Bros.*, *contra*.

Ragan, C.

J. F. Sieberling & Co. brought this suit in the
district court of Sherman county against Anson
L. Fletcher on a promissory note.   Fletcher had a
verdict and judgment, and Sieberling & Co. prose-
cute here a petition in error.

1. The assignments of error argued in the brief
are directed first to the action of the district court
in the admission and rejection of certain evidence
at the trial.   These assignments of error cannot
be reviewed, for the reason that the bill of excep-
tions is not authenticated as required by law.   It
is in precisely the condition that the bill of excep-
tions was in in *Martin v. Fillmore County*, 44 Neb.,
719, and *Romberg v. Fokken*, 47 Neb., 198.   The bill
of exceptions is signed and allowed by the clerk,

, but there is nowhere in the record any certificate of the clerk that the bill of exceptions is either the original or a copy.

2. The second assignment argued in the brief relates to the action of the district court in giving and refusing certain instructions. On looking into the record we discover that no exception was taken by any person to any instruction given or refused. This assignment, therefore, cannot be considered.

The pleadings support the judgment rendered. It must therefore be, and is,

AFFIRMED.