EDWARD ROYSE ET AL. V. STATE NATIONAL BANK OF
ST. JOSEPH, MISSOURI.

FILED DECEMBER 16, 1896. No. 6870.

1. **Alteration of Instruments: NOTE: ADDITION OF SURETY'S NAME.**
The addition of the name of a surety to a promissory note after
its delivery to the payee, without the maker's knowledge, is not
such an alteration as will release such maker. (*Barnes v. Van
Keuren,* 31 Neb., 165.)

2. **Unauthenticated Bill of Exceptions.** A bill of exceptions not au-
thenticated according to statute will be disregarded upon review.

ERROR from the district court of Custer county. Tried
below before HOLCOMB, J. *Affirmed.*

*J. S. Kirkpatrick, L. E. Kirkpatrick, E. P. Campbell,* and
*M. McSherry,* for plaintiffs in error.

*Sullivan & Gutterson, contra.*

NORVAL, J.

The State National Bank of St. Joseph, Missouri,
brought an action in the court below against S. J. Lon-
ergan and Edward Royse upon the following promissory
note:

"$2,000.      BROKEN BOW, NEBRASKA, February 7, 1891.

"Two months after date, and for value received, we
jointly and severally promise to pay to the order of the
Central Nebraska National Bank of Broken Bow, Ne-
braska, two thousand dollars, with interest at the rate
of ten per cent per annum from maturity until paid.

"S. J. LONERGAN.
"E. ROYSE."

The petition alleges the execution and delivery of the
note to the payee therein named; the transfer and in-
dorsement thereof to plaintiff for value before maturity;
that no part of the same has been paid; and that there

is due plaintiff thereon from the defendants the sum of $2,000 and interest. The defendants filed separate answers, that of Lonergan alleging, in substance:

1. That since the execution and delivery of the note by him to the original payee the same has been altered, without his knowledge or consent, by one Ed Royse signing his name thereto as surety.

2. That Lonergan received no consideration for signing the note; that he executed and delivered it to the Central Nebraska National Bank as an accommodation merely, and that said bank turned over and assigned the note to plaintiff as collateral security to a pre-existing debt due it from the payee.

The defendant Royse sets up in his answer, as a defense, that he signed the note "long after its execution by the defendant S. J. Lonergan, and as an accommodation only, that he never received any consideration for the same, and that plaintiff knew when it received the same that it was wholly without consideration." The reply put in issue every averment in the answers contained, and upon the trial the jury returned a verdict for the plaintiff for the principal sum and interest. A separate motion for a new trial was presented by each defendant, and from an order overruling the same the defendants prosecute separate petitions in error.

Complaint is made of the second instruction given by the court on its own motion, which told the jury, in effect, that there was not such a material alteration of the note as to avoid it as to the defendant Lonergan. The alteration pleaded consisted of the addition of the name of Royse as surety after the delivery of the note to the payee, without Lonergan's knowledge. Such fact, if established by the evidence, would not have the effect to discharge the maker. This principle was distinctly held and applied in *Barnes v. Van Keuren*, 31 Neb., 165, and is adhered to.

We cannot review the evidence in this case, inasmuch as the doctrine attached to the transcript which

purports to be the bill of exceptions is not authenticated by the clerk of the district court. (*Andres v. Kridler*, 47 Neb., 585, and cases there cited.) For the same reason, we cannot determine whether the court erred in directing the jury that the question of innocent purchaser did not arise in the case. No error appearing upon the face of the record, the judgment is

AFFIRMED.