### JOHN REUTHER v. HENRY ZIMBLEMAN.

FILED JANUARY 7, 1897.    No. 6885.

1. **Review:** BILL OF EXCEPTIONS. A bill of exceptions will be disregarded upon review unless certified by the clerk of the trial court to be the original or a true copy.

2. **Instructions:** REPETITIONS. It is not reversible error to refuse an instruction like one already given to the jury.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J.    *Affirmed.*

*John Barsby,* for plaintiff in error.

*Charles H. Sloan, contra.*

NORVAL, J.

This was an action by John Reuther against Henry Zimbleman for the recovery of damages claimed to have been sustained by the plaintiff by the discharge of surface waters upon his lands by the defendant. The answer admits that, by the cutting of a ditch by the defendant, the waters of a pond on the land previously having no outlet were discharged upon plaintiff's premises, denies that any damages were thereby sustained by plaintiff, and avers that such waters flowed in a natural waterway which crossed the lands of the latter. From a verdict and judgment in favor of the defendant, error is prosecuted by the plaintiff.

Three assignments of error are argued, the first being that the verdict is not sustained by the evidence. This assignment is not available, for the reason that the pur-

ported bill of exceptions is not authenticated by the clerk of the trial court to be the original or a true copy. (*Felber v. Gooding*, 47 Neb., 38; *Childerson v. Childerson*, 47 Neb., 162; *Romberg v. Fokken*, 47 Neb., 198; *Wood v. Gerhold*, 47 Neb., 397; *Andres v. Kridler*, 47 Neb., 585; *Sieberling v. Fletcher*, 47 Neb., 847.)

The next assignment is predicated upon the ruling of the court in refusing to permit plaintiff's witness, Henry Jacobs, to testify whether he had not received pay from the defendant as damages on account of the water flowing from the pond on the land owned and occupied by the witness. This objection cannot be considered, since the bill of exceptions is not authenticated.

It is finally insisted that the court erred in refusing plaintiff's second request to charge, which is as follows:

"2. To cause water to wrongfully flow onto the land of another which would not flow there naturally is to create a nuisance in itself, and calls for at least nominal damages."

The principle enunciated in the foregoing, at least so far as it stated the correct rule, was fairly submitted to the jury by the third, fourth, and fifth paragraphs of the instructions given by the court on its own motion; hence, the failure to give plaintiff's instruction is not a ground for reversal. (*Beavers v. Missouri P. R. Co.*, 47 Neb., 761.) The judgment is

AFFIRMED.