UNION PACIFIC RAILWAY COMPANY ET AL. V. BENJAMIN
F. THORNE.

FILED MAY 5, 1897.   No. 7181.

1. Bill of Exceptions. An unauthenticated bill of exceptions will be
disregarded in this court.

2. Instructions: ASSIGNMENTS OF ERROR. Certain instructions given
not considered, because not properly called to the attention of the
trial court in the motion for a new trial.

3. ——: REVIEW. Instructions refused not reviewed, since the evi-
dence is not before us.

ERROR from the district court of Hall county.   Tried
below before THOMPSON, J.   *Affirmed.*

*James H. Woolley*, for plaintiffs in error.

*Abbott & Caldwell, contra.*

NORVAL, J.

Plaintiff below sued the defendants for the alleged
killing of a bull by a locomotive and train on defendants'
road.   The petition charges the defendants were negli-
gent in the operation of the cars, and that they neglected
to build and maintain a fence as required by statute at
the place where the animal was killed.   The defendants
answered the averments of the petition and plaintiff re-
plied.   There was a trial of the issues to a jury.   Verdict
in favor of plaintiff.   A new trial was denied and judg-
ment was rendered on the verdict.

It is insisted that the evidence shows there was
no negligence on the part of the defendant companies,

unless it was on account of a failure to fence the track
where the bull was struck and killed, and that there was
no duty to fence their road at that point imposed by
statute. These matters can be determined alone from a
consideration of the bill of exceptions, and that docu-
ment must be disregarded for the reason that it is not
authenticated in the manner prescribed by law. It is
true there is attached to the transcript a certificate of
the clerk of the court below which states "the fore-
going to be a true and correct copy of all such pleadings
and orders in the above entitled action as are named and
indicated in the above index, as the same appears on file
and of record in my office." This is insufficient to show
that either the original bill of exceptions or a copy
thereof is included in the transcript. A bill of excep-
tions is neither a pleading nor order; hence is not em-
braced in the certificate of the clerk of the district court.
The bill of exceptions must, therefore, be disregarded in
this court. (*Felber v. Gooding,* 47 Neb., 38; *German Nat.
Bank v. Terry,* 48 Neb., 863.) We must indulge the pre-
sumption that the evidence adduced on the trial fully
established that it was the duty of the railway companies
to fence their tracks at the point at which the bull en-
tered from their right of way, and that they wrongfully
failed so to do, or that their servants negligently operated
the train at the time of the accident.

Two paragraphs of the court's charge, Nos. 5 and 7,
are assailed in the brief filed, but they cannot be re-
viewed, because improperly assigned for error in the
motion for a new trial. The charge consisted of nine
consecutively numbered paragraphs, and they were
grouped in one assignment in the motion for a new trial.
To be available each instruction would have to be bad,
under the uniform holding of this court. Instruction
No. 6 told the jury that the burden of proof was upon
the plaintiff below, and the ninth paragraph of the
charge directed the jury that they were the judges of
the credibility of the witnesses. Neither of them being

prejudicial to defendants, the assignment as to instructions given must be overruled.

Complaint is made of the refusal of the court to give the following instructions requested by the .defendants:

"3. You are instructed that the defendants were not required by law to fence where the injury occurred.

"4. You are instructed to bring in your verdict in favor of the defendants."

The correctness of these requests depends entirely upon the evidence before the jury, which we cannot consider because the bill of exceptions is not authenticated.

No reversible error appearing upon the face of the record, the judgment is

AFFIRMED.

HARRISON, J., not sitting.