FRED W. GRAY, APPELLEE, V. GEORGE ELBLING, IM-
PLEADED WITH W. H. KENT, APPELLANT.

FILED JUNE 3, 1897.   No. 7348.

**Unauthenticated Bill of Exceptions.** A bill of exceptions unauthenti-
cated by the certificate of the clerk of the trial district court will
not be considered.

APPEAL from the district court of Saunders county.
Heard below before WHEELER, J.   *Affirmed.*

*Good & Good,* for appellant.

*Frank Dean, contra.*

HARRISON, J.

This action was instituted by the appellee in the dis-
trict court of Saunders county to foreclose a mechanic's
lien which it was alleged had accrued in his favor and
been perfected on certain property in the town of Wahoo,
owned by George Elbling.   Issues were joined of which
there was a trial, in which Elbling was successful and
was awarded a decree, which, on appeal by the lien-
holder to this court, was reversed and the cause was re-
manded to the district court, where Elbling filed an
amended answer, and W. H. Kent, who was made a
party defendant, filed a cross-petition or bill setting up
the existence of a mortgage on the premises in his favor,
also its priority as a lien over the mechanic's lien of ap-
pellee.   There were some other changes in the parties
defendant, made necessary by the death of George Elb-
ling, the owner of the property, but these we need not
particularly notice.   As the result of a second trial in

the district court, the appellee was accorded a foreclosure of his lien and its priority to the mortgage of W. H. Kent was established, a foreclosure of the mortgage as a second lien on the property being part of the decree entered. The holder of the mortgage has appealed to this court, it being asserted that the proof did not show the lien of appellee to be the first, but did establish the priority as a lien of the mortgage of appellant. This is, in part, based on the argument that the trial court, over objections, admitted incompetent evidence, which, if not considered, as it could not be if the proper rules were applied, the evidence would not and did not sustain the finding of the court.

To determine the force of any and all the arguments urged would necessitate a reference to and an examination of the evidence preserved in a bill of exceptions. There is in the record what purports to be a bill of exceptions, but it is not authenticated by the certificate of the clerk of the district court; hence it is not before us for inspection, and it further follows that the objections to the decree of the district court must be overruled. (*Everingham v. Harris*, 51 Neb., 627; *Royse v. State Nat. Bank*, 50 Neb., 16; *Andres v. Kridler*, 47 Neb., 585; *Oltmanns v. Findlay*, 47 Neb., 289.)

We will say further that what is designated the bill of exceptions does not appear to have been settled or allowed by either the trial judge or the clerk of the district court. There is a stipulation attached by which it was agreed that the clerk might settle and sign the bill, but it was not done. The decree of the district court is

AFFIRMED.

POST, C. J., not sitting.