## THOMAS COY V. CHRISTIAN MILLER.

FILED APRIL 8, 1898.   No. 7985.

Unauthenticated Bill of Exceptions.   A bill of exceptions cannot be considered in the supreme court unless authenticated by the clerk of the district court as part of the record.

ERROR from the district court of Phelps county.   Tried below before BEALL, J.   *Affirmed.*

*J. R. Patrick* and *B. F. Smith,* for plaintiff in error.

*Rhea Bros., contra.*

SULLIVAN, J.

This action was commenced in the district court for Phelps county to recover the title and possession of certain real estate.   The plaintiff had a verdict and judgment in his favor and the defendant presents the record to this court for review.   The whole controversy between the parties pertains to the location of the divisional line between their adjoining lands; and the errors assigned and argued in the briefs of counsel relate to the sufficiency of the evidence to sustain the verdict.   This question we cannot consider for want of a properly authenticated bill of exceptions.   The certificate of the clerk of the district court attached to the record before us is as follows: "I, L. C. Huck, clerk of the district court in and for said county and state aforesaid, do hereby certify that the above and foregoing is a true copy of the petition, answer, mandate S. court, stipulation, motion, journal entry, motion and journal entry in the above entitled cause as the same is on file and on record in my office." Under repeated decisions of this court we are authorized to examine documents purporting to be bills of exceptions only when they are authenticated by the certificate of the clerk as part of the record.   (*Union P. R. Co. v. Kinney,* 47 Neb. 393; *Wood Mowing & Reaping Machine Co.*

*v. Gerhold*, 47 Neb. 397; *Childerson v. Childerson*, 47 Neb. 162; *Spurck v. Dean*, 49 Neb. 66; *Merrill v. Equitable Farm & Stock Improvement Co.*, 49 Neb. 198; *Yankton, N. & S. W. R. Co. v. State*, 49 Neb. 272; *Wax v. State*, 43 Neb. 18; *Sieberling v. Fletcher*, 47 Neb. 847; *Scott v. Spencer*, 42 Neb. 632; *Romberg v. Fokken*, 47 Neb. 198.) In the case last cited it is said: "The statute requires both the transcript and the bill of exceptions to be authenticated by the certificate of the clerk of the district court, and we have no right to ignore or disregard its mandatory provisions." Without the assistance of the bill of exceptions we cannot determine whether the verdict rests on sufficient evidence, and consequently the judgment of the district court must be

AFFIRMED.