JOSHUA PALMER, EXECUTOR OF THE LAST WILL AND TESTA-
MENT OF CORNELIUS VAN AUKEN, APPELLEE, V. WIL-
LIAM MIZNER, APPELLANT, ET AL.*

FILED NOVEMBER 5, 1903. No. 11,553.

1. **Bill of Exceptions:** AUTHENTICATION. This court will, on its own
motion, refuse to consider a document appearing in the record
and purporting to be a bill of exceptions but in no way authenti-
cated as such by the certificate of the clerk of the lower court.

2. **Practice:** FORMER DECISIONS. Being a question of practice, the
many former decisions of this court adjudicating this question
will be adhered to without critical investigation of the grounds
on which they rest.

3. **Rehearing:** RECORD. A rehearing will not be allowed because of
technical defects in the record, not urged by counsel upon the
hearing, but when a rehearing has been allowed because of doubt
of the correctness of the decision on the questions determined,
the cause stands for hearing as though no former decision had
been made, and the court will not consider papers appearing with
the transcript but not authenticated as a part of the record.

4. **Review:** PLEADINGS. If, after the issues are made up in the lower
court by petition, answer, and reply, an amended answer is filed
containing allegations not denied by the reply, and the cause is
tried in the lower court, and presented in this court, on the theory
that the reply stands as a reply to the amended answer, it will
be so considered by this court.

APPEAL from the district court for Saline county:
WILLIAM G. HASTINGS, JUDGE. *Motion for rehearing de-
nied.*

*Archibald S. Sands* and *E. M. Palmer,* for appellant.

*Fayette I. Foss, Ben V. Kohout* and *R. D. Brown,*
contra.

SEDGWICK, J.

Upon this motion for rehearing, it is insisted that the
opinion of the commissioner, to the effect that the docu-
ment purporting to be a bill of exceptions can not be con-
sidered upon this appeal, because the same is not suffi-

* See former opinions, 2 Neb. (Unof.) pp. 899 and 903.

ciently identified by the certificate of the clerk of the district court, ought not to be adhered to.

It is suggested that in the case of *Wax v. State,* 43 Neb. 18, this court, after holding that such a certificate is indispensably necessary, still examined the bill of exceptions in that case, although not properly certified, because no objection had been made thereto by motion to quash or otherwise, and passed upon the sufficiency of the evidence to support the verdict. The same thing was done by this court in a similar case, *Childerson v. Childerson,* 47 Neb. 162.

These cases would seem to furnish some support to this argument of the appellant if the contrary doctrine was not so thoroughly established by other decisions. Our attention has been called to more than a score of decisions of this court which hold the contrary doctrine. The forty-seventh volume of the reports alone contains at least seven of these cases. In *Felber v. Gooding,* 47 Neb. 38; *Childerson v. Childerson,* 47 Neb. 162; *First Nat. Bank of Greenwood v. Cass County,* 47 Neb. 172; *Romberg v. Hediger,* 47 Neb. 201; *Wood Mowing & Reaping Machine Co. v. Gerhold,* 47 Neb. 397; *Andres v. Kridler,* 47 Neb. 585, and *Sieberling & Co. v. Fletcher,* 47 Neb. 847, it is held that an unauthenticated document purporting to be a bill of exceptions need not be examined by the court.

In *Chicago Lumber Co. v. Benjamin,* 50 Neb. 143, and *Gray v. Elbling,* 51 Neb. 727, it is held that a document not duly authenticated by the clerk as the bill of exceptions "is not before us for inspection."

In *Reuther v. Zimbleman,* 50 Neb. 165, such a document is said to be "not available." In *German Nat. Bank of Beatrice v. Terry,* 48 Neb. 863, it is held that an unauthenticated document "can not be considered" as a bill of exceptions; in *Union P. R. Co. v. Thorne,* 51 Neb. 472, that "it must be disregarded"; and in *Royse v. State Nat. Bank,* 50 Neb. 16, that "the court can not review the evidence."

The observance of the rule has, no doubt, in many cases deprived litigants of a hearing in this court, and it is al-

ways with reluctance that a reviewing court, through the observance of technical rules, declines to hear the merits of a controversy that is brought before it, but, in this case, we are constrained to adhere to the former judgment, not only by the many prior decisions of this court referred to, but also by the fact that the rule so established is not without reason for its foundation, as well as precedents from other jurisdictions.

Under the former practice, when cases were brought to this court by proceedings in error, the bill of exceptions, after having been allowed by the court, and duly filed, and so becoming a part of the record in the case, was copied in full by the clerk in making his transcript of the record which formed the basis of the proceedings in error in this court. By the statute of 1881, 587a of the code, it was provided that a party desiring to remove a cause to this court by proceedings in error might use the original bill of exceptions, the purpose apparently being to avoid the extra expense of procuring a copy thereof, and it was further provided that in such case the clerk in his certificate to his transcript should certify that the original bill of exceptions was attached, instead of certifying that the transcript included a copy of such bill.

Many of the cases above referred to were brought to this court under that statute; and the certificate of the clerk not showing, either that the bill of exceptions had been copied in the transcript according to the former practice, or that the original bill of exceptions had been attached to the transcript, as might be done under the present statute, and there being no authentication of the bill of exceptions as the original bill, it was considered that such purported bill of exceptions was "a mere fugitive" in the record, and the same rule would apply to it as would be applied to any other paper that might be found in the record, and was not, by any certificate of the clerk, identified as any part of the record. If the clerk certified upon the transcript that it contained a true copy of the original pleadings in a case, but made no mention of any motion

or demurrer, and a paper should be found in the record which purported upon its face to be a motion or demurrer, and was not authenticated or identified by the clerk as an original paper in the case, or a copy thereof, such supposed motion or demurrer could not be considered by the reviewing court. This is the uniform doctrine of reviewing courts, and the statute referred to applies this rule to bills of exceptions. The fact that the bill has been allowed and settled by the judge, and has his signature attached thereto showing such allowance, is not a compliance with the statute in question.

The statute applies with no less force to actions brought to this court by appeal. The statute providing for such appeals requires the appellant to file with this court a certified transcript containing the evidence, and the statute of 1881, in authorizing the use of the bill of exceptions in such cases, does not change the rule making the evidence an essential part of the record in cases brought to this court by appeal.

In *Schuyler v. Hanna,* 28 Neb. 601, it was held that an appeal to this court might be taken upon a transcript which contained the judgment appealed from, although it did not contain the evidence, modifying *Jefferson County v. Saxon,* 10 Neb. 14, and apparently some earlier decisions of this court, but this does not weaken the force or application of the statute which requires the clerk of the court to authenticate the original bill of exceptions when the same is not copied into or identified by his transcript. The case of *Yates v. Kinney,* 23 Neb. 648, is expressly overruled in *Romberg v. Fokken,* 47 Neb. 198, and is necessarily overruled in the many other decisions above referred to, as, also, are some others of the earlier cases which apparently held a different doctrine.

2. The appellants urge that this court ought not to have vacated the first judgment because of the defective certification of the bill of exceptions, and that after having done so, the case having again been argued on its merits, the court ought not, on its own motion, to refuse to con-

sider the bill of exceptions. But the rehearing was not granted because of defective certification of the bill of exceptions, but because of grave doubts of the court as to the correctness of the first decision upon the questions therein determined, and after the rehearing had been allowed for that reason, the case stood for hearing before this court as though no former decision had been made therein.

3. It is also strenuously insisted by the appellants that another hearing should now be granted because, if the bill of exceptions be striken from the record, the judgment of the lower court is not supported by the pleadings. The record discloses that after the issues had been made up in the lower court by petition, answer, and reply, the defendants therein amended their answer, and added allegations which, if sustained, would entitle the defendants to a decree in their favor. No further reply was filed by the plaintiff, and it is insisted that these additional allegations of the answer were therefore confessed by the pleadings. This contention can not be sustained, because the issues were manifestly tried in the lower court upon the theory that the allegations and general denial of the plaintiff's reply applied to the amended answer, and that the allegations of the answer were, therefore, denied by the pleadings.

The parties having so tried the case in the lower court, and having submitted it to this court upon that theory, the rule is a familiar one, and has often been declared by this court, that the pleadings will be so considered here.

The motion for rehearing is overruled.

REHEARING DENIED.