STATE OF NEBRASKA V. WILLIAM A. PAXTON ET AL.*

FILED DECEMBER 6, 1905. No. 13,780.

1. Bill of Exceptions: CERTIFICATION: QUASHING. A bill of exceptions will be quashed where it is not certified and identified in such manner that this court may know that it is the identical bill allowed by the trial court, and the whole thereof.

* Rehearing allowed. See opinion, p. 219, *post*.

2. ———: ———: ———. The statute (587a of the code) provides that a bill of exceptions, where the original bill is used, shall be attached to the transcript of the record. Where this court is presented with what purports to be a bill of exceptions contained in two separate and detached volumes, neither of which is attached to the transcript and but one volume of which is certified by the clerk of the district court, and the contents of this volume show that there was other important and material evidence upon which the decision of the case must depend, and there is nothing in the clerk's certificate or in the record itself by which this court can, with any certainty, determine whether the volume not certified or otherwise identified contains the omitted evidence, the bill will be quashed.

ERROR to the district court for Douglas county: IRVING F. BAXTER, JUDGE. *Affirmed.*

*F. N. Prout, Attorney General,* and *Norris Brown,* for plaintiff in error.

*John C. Cowin, Robert Ryan* and *F. T. Ransom, contra.*

DUFFIE, C.

In this case the jury returned a verdict for the defendants, and the state has taken error to this court, presenting to us the single question whether the verdict is against the evidence. This requires an examination of all the evidence introduced on the trial, and which can be preserved and presented to us only by a properly authenticated bill of exceptions. The defendants object that the state has failed to preserve or to have a bill of exceptions certified in the manner required by statute, or in such way that this court can know what evidence was before the trial court on which the verdict of the jury is based, and have moved to quash the bill. The state has filed in this court three separately bound records or volumes, the first of which is indorsed as follows: "State of Nebraska v. William A. Paxton et al." This volume is a transcript of the pleadings and proceedings in the district court. The second volume is entitled as follows: "State of Nebraska v. William A. Pax-

ton et al.—Bill of Exceptions, Volume 1." This volume contains what purports to be oral evidence given on the trial of the case, and reference is made to numerous documents and exhibits that were offered by the parties and received by the court, but which are not contained in this volume. The third volume is entitled: "State of Nebraska v. William A. Paxton et al., Volume 2—Exhibits," and this contains copies of a large number of exhibits, consisting of accounts with various funds and other documents. Attached to the volume marked 1 is the following certificate of the clerk of the district court:

"STATE OF NEBRASKA, ⎱ ss.
    DOUGLAS COUNTY, ⎰

"I, Frank A. Broadwell, clerk of the district court, Fourth judicial district of the state of Nebraska, in and for said county, do hereby certify that this is the original bill of exceptions filed in my office in the cause in said court, wherein State of Nebraska is plaintiff and William A. Paxton et al. are defendants.

"Witness my signature and official seal this 9th day of April, 1904.

(Signed)    "FRANK A. BROADWELL, *Clerk.*
    "By JOHN H. GROSSMAN, *Deputy.*"

A motion to quash the bill of exceptions was submitted with the case. It will be observed that this certificate makes no reference to another volume as a part of the bill of exceptions, and contains no intimation that we are to look outside of the volume to which it is attached for any part of the evidence in the case. As before stated, this is a separate volume, and ends with the following: "Mr. Ransom: The answering surety defendants rest. Mr. Prout: The state rests. (Both sides rest.)" There is nothing here indicating that we are to look elsewhere for any part of the evidence given on the trial, or directing us where to look to find the evidence which an examination of this volume discloses was introduced, but which is not

contained therein.   One might suppose that the volume marked 2 contains the evidence referred to in volume 1, but not contained therein.    Of this, however, we cannot be sure, there being nothing to connect these two volumes, or to show that they are part of the same case, except the title of the case indorsed on the outside cover; and this title even does not correspond with the pleadings contained in the transcript, in which the case is entitled: *"State of Nebraska v. Joseph Bartley et al."*   Section 587a of the code requires the clerk of the district court to "attach" to the transcript of the record the bill of exceptions settled and filed in the case, when the same is taken to this court on error or appeal, and this court, by a long line of decisions, has refused to consider a bill of exceptions not properly authenticated by the clerk.   Notes to sec. 1594, Ann. St. 1903.   The statute relating to proceedings on appeal to this court was carefully framed to avoid error or mistake in the record presented for our examination.   The evidence taken on the trial, and all objections made thereto, and the ruling of the court on such objections, must be certified by the trial judge, and filed and made a part of the record of the case.   The clerk is then to certify a copy of the pleadings and proceedings in the trial court, and to this transcript of the record he is to "attach" the bill of exceptions, certifying under his hand and seal that it is the original bill of exceptions filed in his office.   Every care is taken to prevent substitution by interested parties of any part of the record, and the court would be remiss in its duty if it neglected to enforce the purpose of the legislature in enacting the statute, or opened the door for any opportunity to an interested party to impose upon the court a false record, in whole or in part, or to receive for consideration anything that is not identified in such manner that we may know with certainty that we have before us the identical record made by the trial court.

We have held this case an unusual time, and given it our best consideration, and we have all reluctantly come to the conclusion that, because of the failure of the state to ob-

serve the plain reading of the statute relating to bills of exceptions and their authentication, this so-called bill cannot be considered by us. It is not our custom to look with favor on technical objections which dispose of a case. On the contrary, we are disposed to give to the statute governing appeals, and to the rules of procedure in this court, the most liberal construction, in order that the parties may be heard and their cases disposed of on the merits. This is but just to the parties interested and to the court itself. But, under the most liberal construction of which the statute relating to bills of exception is capable, the bill presented by the state in this case is so wanting in authentication, so lacking in the earmarks required by our law to identify it, that we have no alternative but to sustain the motion to quash made by the defendants. We cannot in this case, more than in another of less importance, disregard the plain reading of the statute, or establish a precedent which would allow the presentation to this court of records which may or may not contain the evidence on which the trial court acted. To do so would give opportunities for imposition and fraud which would endanger the interest of those who seek this court to establish and maintain their rights. The responsibility for this disposition of the case does not rest with us, but with those whose duty it was to see that the appeal was taken in due form and the necessary statutory steps taken to secure a record which this court could consider. The bill of exceptions being quashed, we have nothing to consider further than to see whether the judgment is supported by the pleadings, and, there being no doubt on that point, the judgment must be affirmed, and we so recommend.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

HOLCOMB, C. J., not sitting.

The following opinion on rehearing was filed June 20, 1906. *Judgment of affirmance adhered to:*

LETTON, J.

A motion for rehearing was filed in this case and a rehearing allowed, mainly upon the state's contention that, by submitting the cause on briefs, the motion to quash the bill of exceptions had been waived by the defendant in error, and that the court should therefore have considered the case upon the evidence furnished by the purported bill of exceptions. A motion has been filed to vacate the order granting the rehearing and to adhere to the former opinion, on the grounds that the motion to quash was submitted to the court by agreement of parties at the same time that submission was made upon the merits, and that the former opinion as to the bill of exceptions is correct. No entry was made on the record showing that the motion to quash and the main case had been submitted together. It is now admitted by the state that, by agreement of both parties, the motion to quash was submitted at the same time as the main case and therefore was properly considered by the court.

In view of the importance of the case, since the briefs which have been filed upon these motions fully reargue the question as to whether or not the so-called bill of exceptions is properly authenticated and identified, we have again considered this question, and have again examined the purported bill of exceptions in the light of the arguments furnished by these briefs. The whole difficulty rests in the failure to properly identify a certain collection of papers marked "Volume 2, Bill of Exceptions." The certificate of the clerk of the district court to the volume of transcripts of the pleadings certifies that "the bill of exceptions hereto attached is the original bill of exceptions," etc. This certificate makes no mention of more than one volume of the bill of exceptions and implies the existence of but one volume. The certificate of the clerk of the dis-

trict court attached to the papers, marked "Volume 1, Bill of Exceptions," is to the effect that "this is the original bill of exceptions filed in my office in the cause in said court, wherein the State of Nebraska is plaintiff and William A. Paxton et al. are defendants," impliedly suggesting the existence of but one volume. It is true that contained in volume 1 there is a stipulation by counsel, and a certificate by the trial judge and by the stenographer, that the bill of exceptions consists of two volumes. These certificates, if volume 1 had been accompanied by a second volume properly certified and identified by the clerk of the district court as being volume 2, would be sufficient to show that a second volume was in existence, and, perhaps, that a volume thus certified as volume 2 by the clerk of the district court was the identical volume referred to, even though the certificate to the first volume made by the clerk failed to disclose that the bill of exceptions consisted of two volumes. The difficulty in the present case, however, is that the papers marked "Volume 2" *have no certificate whatever*, either of the stenographer, the trial judge, or the clerk of the district court, showing that they form a part of the bill of exceptions in this case.

It is argued by the attorney general that, by referring to the contents of the first volume, it will be seen that certain exhibits which appear in the second volume are mentioned therein, and that consequently from an examination of the exhibits it will be shown that they were a part of the testimony offered in the case, but this would require us to read the evidence contained in one volume for the purpose of determining from it whether or not the evidence contained in the other volume was in fact the evidence in the trial court. This, of course, would furnish no certain, fixed or proper ground of identification. Under the law the court can consider only the certificates of the proper officers who are charged with the duty of preserving the record, for the purpose of determining whether or not any papers offered in this court are entitled to be considered as a part of the record in the case. The attorney general also contends that

there are certain marks and indorsements upon the outside of the volumes, presumably by the clerk of the district court or by the clerk of the supreme court, though there is nothing to show by whom made, and that we should consider these indorsements or markings as proof that "Volume 2" is a part of the record in the case. What has been said disposes of this contention. Mere filing marks cannot take the place of a certificate required by the law, nor can unidentified indorsements do this.

As pointed out in the former opinion, there is also a discrepancy between the title of the case certified to by the clerk of the district court in the transcript, and the title of the case certified in volume 1 of the bill of exceptions, and also the title indorsed upon the cover of the purported "Volume 2." A complete exposition of the doctrines and rule of this court with reference to the authentication of bills of exceptions is to be found in the opinions of Justices BARNES and SEDGWICK in the case of *Palmer v. Mizner*, 2 Neb. (Unof.) 903, and 70 Neb. 200. The cases in this court upon this subject are fully reviewed and the reasons for the rule set forth, and it is pointed out that, even though a bill of exceptions has been allowed and settled by the judge and has his signature attached thereto, showing such allowance, this would not be in compliance with the statute, and the bill could not be considered, unless further authenticated by the proper certificate made by the clerk of the district court. Volume 2, therefore, being utterly unauthenticated, cannot be considered, and, since it is apparent that volume 1 does not contain all the testimony, it cannot aid us in determining the question presented, and the former opinion of Commission DUFFIE is adhered to.

In this connection it may not be improper to indicate the proper practice in cases of voluminous bills of exceptions. In such case the certificate of the trial judge should show that the bill of exceptions, consisting of a certain number. of volumes, marked in a certain manner, contains all the testimony in the case, in the usual form. There should also be a certificate of the clerk of the district court certi-

fying that the bill of exceptions in the cause consists of a certain number of volumes, and a separate certificate should be attached to each volume, certifying that that volume constitutes volume — of the original bill of exceptions in the cause, filed in his office, so that each volume may be properly identified and authenticated as part of the record in the case.

AFFIRMED.