JENNIE SHAFFER V. SAMUEL S. VINCENT.

FILED JANUARY 19, 1898.   No. 7675.

1. **Bill of Exceptions: AUTHENTICATION.** A bill of exceptions, to be
available in the supreme court, must be authenticated by the clerk
of the district court.

2. ——: ——. A certificate by the clerk of that court merely stat-
ing that the original bill was filed in his office on a certain date,
is insufficient to identify a document contained in the transcript
as being either such original bill or a copy thereof.

ERROR from the district court of Harlan county. Tried
below before BEALL, J.   *Affirmed.*

*R. L. Keester*, for plaintiff in error.

*John Everson*, contra.

NORVAL, J.

This was an action by Samuel S. Vincent against Jen-
nie Shaffer and others to obtain the cancellation of a
deed to certain real estate in Harlan county, on the
ground that the same was procured by misrepresentation
and fraud. A decree was entered for Vincent as prayed.
A motion for a new trial was filed by Jennie Shaffer,
which was overruled by the court, and she alone has
brought the record here for review.

The assignments of error call in question the suffi-
ciency of the evidence to sustain the findings and decree,
the decisions of the court below upon the admission of
testimony, and the ruling upon the motion for a new
trial. These assignments are not available, because the
document attached to the transcript is not authenticated
by the certificate of the clerk of the trial court as being
either the original bill of exceptions in the cause or a
copy thereof. The district clerk merely certifies that
the original bill of exceptions was filed in his office on a
certain date, which is insufficient for the purpose of au-

33

thentication. As none of the questions argued can be considered without the aid of a bill of exceptions, the decree must be

AFFIRMED.