UNION PACIFIC RAILROAD COMPANY, APPELLANT, V. COL-
FAX COUNTY, APPELLEE.

FILED JUNE 25, 1909.   No. 15,693.

1. **Appeal: BILL OF EXCEPTIONS.** Where the district court quashed a
   portion of a bill of exceptions, and there is nothing in the record
   indicating which portion was quashed and which was considered,
   this court, upon objection being made, will not consider the evi-
   dence.

2. **Exceptions, Bill of: AUTHENTICATION.** A bill of exceptions of pro-
   ceedings before a county board, not identified either by the cer-
   tificate of the county clerk or of the clerk of the district court
   as being part of the record, is not sufficiently authenticated.

3. **Drains: ASSESSMENT: RECORD.** When it is sought to review an ap-
   portionment and assessment in a drainage proceeding, that por-
   tion of the report and apportionment made by the engineer and
   county board, which purports to charge the property of the
   appellant must appear in the record.

4. ———: ———: **APPEAL: DISMISSAL.** When no final order or judg-
   ment affecting appellant's property appears in the record, the
   appeal will be dismissed.

APPEAL from the district court for Colfax county:
CONRAD HOLLENBECK, JUDGE. *Appeal dismissed.*

*Edson Rich* and *C. J. Phelps,* for appellant.

*J. A. Grimison, contra.*

LETTON, J.

This is an appeal by the Union Pacific Railroad Com-
pany from a judgment of the district court affirming
the proceedings of the board of county commissioners of
Colfax county in establishing a drainage ditch in that
county. At the threshold of the case it is necessary to
consider objections made by the appellee to its considera-
tion upon the record as presented to this court. The
record shows that a motion to quash the bill of exceptions
was made in the district court, and that this motion was

sustained "so far as relates to the evidence taken in the
month of January, 1907," but "the court overrules the
rest of the said motion to quash the bill of exceptions."
Following the certificate by the clerk of the district court
to the transcript is a mass of typewritten matter paged
from 1 to 131, together with a map or tracing.   This is
headed:   "This cause is the hearing of the Union Pacific
Railroad Company upon its exceptions to the apportion-
ment on file and made by the surveyor."   No certificate
of any kind is to be found at the end of this and nothing
beyond the above quotation to show where, when, or in
what proceeding it was taken.   It does not even show
that it was ever filed in the office of the clerk of the dis-
trict court, although it is bound up with the transcript.
Following this again are 111 pages of like matter, num-
bered consecutively from 1 to 111, entitled:   "Before the
board of county commissioners of Colfax county, Ne-
braska.   In the matter of the exceptions of the Union
Pacific Railroad Company to the assessment and appor-
tionment in the Payzant-Hughes drainage ditch.   Bill of
exceptions."   At the end of these 111 pages are two cer-
tificates by a stenographer, but in neither certificate is
there anything to show when this testimony was taken.
The certificate is sworn to on the 13th of March, 1906.
A certificate follows signed by the board of county com-
missioners allowing the bill.   This also fails to show
when the testimony was taken.   But there is nothing to
show how far this certificate reaches, or whether it be-
longs to both bundles of testimony or not.   There is no
certificate or filing mark showing that the original bill of
exceptions was ever filed with the clerk of the district
court, although there is a certificate immediately follow-
ing the transcript and preceding these papers that "the
above and foregoing is a true and correct copy of all the
record, including the final judgment and the bill of ex-
ceptions allowed by the board of county commissioners
of Colfax county, Nebraska, in an action wherein the
Union Pacific Railroad Company was plaintiff and the

county of Colfax was defendant, as the same appears from the files and record in the office of the clerk of the district court." This is not sufficient identification.

As we have seen, the district court quashed the bill of exceptions in part and sustained it in part, but there is absolutely nothing on the face of this record indicating which part of the bill of exceptions was quashed by the district court and which was allowed to stand. The whole matter is typewritten, including signatures. In the absence of a certificate identifying the original bill as being a part of the record in the office of the county clerk, these papers could form no part of the record of the county board and of the transcript to the district court, and, in the absence of any certificate from the clerk of the district court definitely showing what portion of this testimony was before that court and considered by it, it is impossible for this court to review its findings. *Shaffer v. Vincent,* 53 Neb. 449; *Romberg v. Fokken,* 47 Neb. 198; *Romberg v. Hediger,* 47 Neb. 201. The papers are defective both as to proper authentication and as to proper identification. We must therefore disregard the purported bill of exceptions.

We are unable to find in the record the final order or judgment of apportionment of which complaint is made. Omitting much redundant and irrelevant matter which has been improperly included in the transcript, and omitting the proceedings from the filing of the petition to the 15th of January, 1906, it is shown that on that day the appellant filed objections "to the apportionment and assessment made and filed by the surveyor in the above entitled matter." The record shows that on that day the board met and found that proper notice had been given that a hearing would be had upon that day upon the report of the engineer in the matter of the Dolph drainage ditch, and the further hearing of the petition was continued until the 24th of January. The record then shows that the hearing of evidence and arguments began on January 24, and was continued on the 25th, 26th, 27th

and 29th of that month, and that the proceedings continued on February 3, 6, 7, 14, 15, 23, 24, 26 and 27; that . on March 9 a resolution was adopted reciting the prior proceedings, and that "an amended schedule of all lots, lands, public and corporate roads and railroads that will be benefited by said improvement, and an apportionment of a number of lineal feet and cubic yards to each lot and tract of land, public and corporate roads and railroads according to benefits which will result to each from said improvement, which said amended schedule and apportionment was filed in the office of the county clerk on the 9th day of March, 1906, and attested by the signature of the chairman and members of this board. Therefore be it resolved that said report and said amended apportionment and said profile and plat and said estimate of the number of cubic yards for each working section and said amended schedule of lots and lands, roads and railroads and said amended apportionment of lineal feet and cubic yards to each, and said estimate for location and construction to each, and said specifications are hereby by this board adjudged to be in all respects fair and just according to the benefits and in form as required by law, and that they and each and all of them are hereby approved, confirmed, and adopted as the final act and judgment of this board in the premises." The record shows that the appellant excepted. These exceptions, filed after the apportionment was adopted, alleged as grounds thereof "that the apportionment and assessment is unfair and unjust, in that said drainage ditch confers no benefit whatever upon said railroad's roadbed or any real or personal property owned by said railroad company." A hearing was begun on that day on the exceptions, and continued upon March 12 and 13, on which day the board found "that the apportionment made against the Union Pacific Railroad Company for the location and construction of said ditch in the sum of $2,550 is just, and therefore the exceptions are overruled," and taxed the costs to the appellant.

From this abstract it appears that there is no copy of that portion of the report or of the apportionment affecting the appellant's property in the record. The only matter in the form of a final order which appears is the ruling of the county board upon the exceptions to the report and apportionment filed after their adoption. The resolution of the board adopting and confirming the amended report of the engineer and the amended schedule and apportionment as the final act and judgment of the board is of no force or effect with regard to appellant in the absence of any recital or showing of that portion of the report and apportionment, if such there be, which affects its property or which purports to lay a tax thereon. All that this record shows may be true, and yet appellant's property rights not be infringed upon or in any way affected. It is true that afterwards, on March 13, the board found that the apportionment was just and overruled the exceptions, but these exceptions were in the nature of a motion for a new trial, and the order then made was not the final judgment which it is sought to review. The final order of which the plaintiff complains not being in the record, there is nothing before us for review, and the appeal is therefore dismissed.

We deem it our duty to say that the record in this case is a thorough going example of everything which a record ought not to be. The papers are attached together in a jumbled, confused and almost undistinguishable manner, and it has required unnecessary labor upon the part of the court to bring order from chaos and sift from the confused mass enough to show the manner and order in which the proceedings were had.

APPEAL DISMISSED.