ELIJAH J. WILLIS v. STATE OF NEBRASKA.

[FILED JUNE 27, 1889.]

Practice in Supreme Court.   Where a case is presented upon the transcript alone, without a bill of exceptions, instructions given to the trial jury by the district court will be presumed to be correct, unless they misstate the law and contain propositions which could not be held correct in any possible case made by the proof under the complaint or information upon which the prosecution was founded, all presumptions being in favor of the regularity of the proceedings of the district court.

ERROR to the district court for Lancaster county.   Tried below before HAYWARD, J.

*Lewis & Lewis,* for plaintiff in error.

*Atkinson & Doty,* for defendant in error.

REESE, CH. J

This prosecution was instituted in the police court of the city of Lincoln upon a complaint which was as follows:

"THE STATE OF NEBRASKA V. WILLIS (first name
unknown).

"In the police court of the city of Lincoln, Lancaster
county, Nebraska.

"THE STATE OF NEBRASKA, ⎱
    "*Lancaster County,*    ⎰ *ss.*

"A complaint and information of Charles Meyer in the
county of Lancaster, made before me, A. F. Parsons, judge
of the police court, in and for the city of Lincoln, Lancas-
ter county, Nebraska, on this 27th day of April, 1886, who,
being duly sworn, on his oath says that one Willis, the first
name unknown, of said last named county and city, on or
about the ―― day of March, 1886, in the county last
named, and within the corporate limits of the city of Lin-
coln, then and there being, did unlawfully and willfully
place, and suffer to remain, in and upon a gutter, fronting
upon the lots owned by him, certain refuse matter and
filth, to-wit: stable manure, which did obstruct said gutter
or ditch, and did interfere with the drainage of such city,
said gutter so filled and obstructed being on the west side
of Eighth street between W and X streets, contrary to the
form of the ordinance in that behalf provided, and against
the peace and dignity of the state of Nebraska.

"(Signed)          CHARLES MEYER."

The cause was appealed from the judgment in the police
court to the district court, where a jury trial was had.

From a verdict of guilty, and a judgment of conviction,
the plaintiff in error brings the case to this court by pro-
ceedings in error. There is no bill of exceptions, and it
is impossible for us to state what the evidence before the
trial court was. We will notice briefly the points relied
upon by plaintiff in error in this court.

The first is that the court erred in giving the first in-
struction asked for on behalf of the state, and in refusing
to give the fourth and sixth instructions requested by the
plaintiff in error.

The first instruction asked for by the state was as follows:

"1. You are instructed that if you find the city built or caused to be made a ditch along Eighth street for drainage, and that the defendant caused said ditch to be filled, on or about the time alleged in the complaint, up so as to impede the drainage in such ditch, you must find the defendant guilty."

The objection to this instruction is, that it was too vague, general, and uncertain; that it did not indicate with accuracy, or precision, the kind or amount of proof required to justify a jury in finding a person guilty of a criminal offense; that it conflicts with the first instruction given at the request of the plaintiff in error, and is calculated to mislead the jury. Being left entirely in the dark as to what evidence was submitted to the jury, the only question presented here to be considered is, whether or not this instruction could have been correct under any conditions or circumstances which might have been proven on the trial, or, under any quality or character of proof. For it is a well established rule that all presumptions are in favor of the regularity of the proceedings of the district court. This being true, the instructions must be examined in the light of such presumptions. In connection with this instruction the court, upon request of plaintiff in error, gave a number of instructions, which we here copy. They are as follows:

"1. The jury are instructed that every material allegation of the complaint must be proven, beyond a reasonable doubt, and that if the evidence submitted by the state leaves any reasonable doubt in the minds of the jury as to the defendant's guilt, he must be acquitted.

"2. The jury are instructed that it is incumbent upon the prosecution to prove that the refuse matter alleged to have been deposited by the defendant in and upon a gutter of the city, obstructed and interfered with the drainage of the city.

" 3. The jury are instructed that a gutter, within the meaning of the ordinance of the city of Lincoln under which the complaint in this case is brought, is a ditch or conduit calculated to allow of the passage of water from one point to another in a certain direction, and that a mere excavation without an outlet would not be a gutter within the meaning of said ordinance.

" 5. The jury are instructed that if they found the city authorities caused an excavation to be dug along the front of the defendant's premises without any adequate or proper outlet, which was usually or frequently filled with water to such an extent as to interfere with ingress and egress to and from the defendant's land, they may also find that such an excavation constituted a nuisance within the meaning of the law.

" 7. The jury are instructed that if this complaint is based upon an ordinance of the city of Lincoln, it is not only necessary for the government to prove beyond a reasonable doubt the acts of the defendant charged in the complaint, but also to prove beyond a reasonable doubt, by competent evidence, said ordinance.

" The city of Lincoln cannot license the erection or commission of a nuisance, and if a nuisance is committed by the civil authorities of said city, a person suffering from said nuisance has the same remedies that he might have against a private individual.

" The jury are instructed that the prosecution must prove that the offense charged was committed on or about the time charged in the complaint, and before you can convict the defendant, you must believe beyond a reasonable doubt, from the evidence, that the defendant did commit the offense charged in the complaint."

It will be apparent upon a comparison of all the instructions that the criticism upon instruction No. 1 cannot be sustained.

It does not misstate any proposition of law. It could

only be considered in connection with the evidence which was submitted to the jury. That not being before us, and the whole scope of the instructions seeming to cover a case which was submitted, we cannot hold the instruction bad.

It is next insisted that the court erred in refusing to give instruction No. 4 asked by defendant in error. This instruction was as follows:

"4. The jury are instructed that if the city authorities, in the construction of the gutter in question, constructed along the front of the defendant's premises, and thence, without permission or license, through, over, or upon the land of private persons, including the defendant, making the portion of the ditch that lies upon the defendant's land the outlet for the portion constructed in front of his land, the city has gained no other or greater right to maintain the portion of the gutter constructed in front of the defendant's land than it would have gained if the portion of the gutter which was made without authority or license upon defendant's land had not been constructed."

It is quite probable that this instruction contains a correct statement of the law as applicable to some cases, or to a case which might be made to a jury. But whether or not the evidence submitted would warrant any such an instruction is beyond our power to say. We do not know that any proof was submitted to the jury, that the ditch referred to had been constructed upon any other land or in any other place than along the border of the street. If it had not, the court did not err in refusing to give the instruction asked, and for the purpose of sustaining the judgment of the court we must presume that there was no such evidence. A number of other instructions were asked by plaintiff in error and refused by the court. The same rule which has been applied to instruction No. 4 must apply to those under consideration. It is impossible for us to say, from the record, that they were not properly refused, and it is not deemed necessary to extend the length of this opinion by a discussion of them.

We are unable to detect any error by an inspection of the record before us, and the judgment of the district court must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.