JOHN ROMBERG V. RUDOLPH HEDIGER.

FILED FEBRUARY 18, 1896.    No. 5955.

1. **Failure to Authenticate Bill of Exceptions:** REVIEW.   In the absence of a certificate of the clerk of the district court authenticating the bill of exceptions, it will be presumed that every essential averment in the petition not negatived by the verdict was proven, and that the instructions refused were properly denied.

2. **Instructions:** EXCEPTIONS: REVIEW.    Instructions not excepted to when given cannot be reviewed in the appellate court.

3. **Review:** ASSIGNMENTS OF ERROR.    The fifth paragraph of the court's charge to the jury not considered, because the giving was not properly assigned for error in either the motion for a new trial or petition in error.

ERROR   from   the  district  court  of  Cuming county.    Tried below before NORRIS, J.

*M. McLaughlin* and *J. C. Crawford*, for plaintiff in error.

*Uriah Bruner* and *T. M. Franse, contra.*

NORVAL, J.

Rudolph Hediger sued John Romberg in the court below to recover damages alleged to have been sustained by reason of his having been ejected from a certain farm in Cuming county at the instance of the defendant under a writ of restitution on a judgment in an action of forcible detainer, wherein Romberg was plaintiff and Hediger was defendant, after an appeal undertaking had been filed by said Hediger, and after the justice before whom said cause was tried had recalled said writ of restitution.   To the petition in the case before us the defendant answered, admitting certain averments therein, and denying others.   Upon the trial, plaintiff recovered judgment, and the defendant brings the cause to this court on error.

It is argued that there is an entire failure of proof to sustain the allegation in the petition that the defendant leased to the plaintiff the premises from which he was evicted.   Whether this is true or not we are unable to determine, since there is no certificate of the district court authenticating the bill of exceptions. (*Romberg v. Fokken*, 47 Neb., 198.)

Complaint is made in the brief of the refusal of the court to give the following instructions, requested by the plaintiff in error:

"2. You are instructed that the plaintiff has not shown any right of property, or right of posses-

sion, in the premises described in the petition, and you will therefore find for the defendant."

"4. You are instructed that the plaintiff has not shown that he had leased the premises for the year commencing March 1, 1890, nor that he had paid anything for the use of said premises, hence he cannot recover the value of the use of said premises.

"5. Under the evidence and the law in this case, the plaintiff is not entitled to recover more than nominal damages."

These requests to charge can only be considered in connection with the evidence adduced on the trial. The testimony not being properly before us, we are unable to determine whether the trial court erred in refusing to give the above instructions. (*Willis v. State*, 27 Neb., 98.) Error must affirmatively appear. It is never presumed. We must indulge the presumption that there was evidence before the jury which made the defendant's instructions inapplicable.

Objection is made in the brief to the fifth paragraph of the court's charge to the jury, on the ground that it incorrectly states the measure of damages. The assignment relating thereto in the petition in error and in the motion for a new trial is in the following language: "The court erred in giving the first, second, third, fourth, fifth, sixth, and seventh instructions given by the court on its own motion." The first two instructions given, briefly, yet accurately, state the issue in the case. They are free from errors. The fourth instruction correctly stated the rule as to the burden of proof, and counsel has not suggested that it is erroneous. No exceptions were taken in the court below to the giving of the sixth and seventh instructions,

hence they are not reviewable.  The assignment of error above quoted not being well taken as to all the instructions mentioned therein, it, under the familiar rule, must be overruled without considering the instruction of which complaint is specifically made in the brief.  It is true there is another assignment in the motion for a new trial and petition in error based upon the fifth instruction, but it presents alone the question of its intelligibility.  The language in which the instruction is couched is plain and its meaning easily comprehended.  If the learned counsel for plaintiff in error regarded the instruction unintelligible, they have been very remiss in not pointing out to us wherein it is so.

The conclusions reached lead to an affirmance of the judgment.

AFFIRMED.