Oltmanns v. Findlay.

---

A. OLTMANNS ET AL. V. JOHN FINDLAY ET AL.

FILED MARCH 3, 1896.     No. 6170.

| 47 | 289 |
| 47 | 588 |
| 47 | 289 |
| 50 | 141 |
| 51 | 725 |
| 51 | 727 |
| 55 | 149 |
| 47 | 289 |
| f59 | 590 |

1. **Review: ASSIGNMENTS OF ERROR: INSTRUCTIONS.** An assignment of error as to the giving of a number of instructions grouped in the assignment will be considered no further than to ascertain that any one of the group was correctly given.

2. **Bill of Exceptions: REVIEW.** To present for the consideration and determination of this court errors alleged to have occurred during the trial of a cause in district court, a bill of exceptions, settled and allowed in accordance with the legal requirements, is indispensably necessary.

3. **Instructions: ASSIGNMENTS OF ERROR: REVIEW.** If an assignment of error, which is predicated on the action of the trial court in giving several instructions, is determined to be without force as to one of the instructions given, it must be overruled as to all.

4. **Review: BILL OF EXCEPTIONS.** If in a case before this court the record of which contains no bill of exceptions, or one not authenticated as prescribed by law and which cannot be used, error is assigned based on the action of the trial

23

court in giving instructions to the jury, such instructions will .be presumed to be free from error, if they do not contain misstatements of the law and do not contain statements which could not be faultless under any possible conditions of the proof competent in the case, as error must affirmatively appear. If it does not, the presumption that the proceedings of the trial court were regular and without error must prevail. (*Willis v. State*, 27 Neb., 98.)

ERROR from the district court of Nemaha county. Tried below before BUSH, J.

*John S. Stull* and *Stull & Edwards*, for plaintiffs in error.

*W. H. Kelligar, contra.*

HARRISON, J.

The defendants in error commenced this action against the plaintiffs in error, alleging as the cause thereof, in substance, that on or about the 15th day of August they purchased of plaintiffs in error a horse, or stallion for general breeding purposes; that the value of a horse for such use depends largely upon his being well bred or pure stock; that plaintiffs in error, to induce defendants in error to purchase the horse, falsely and fraudulently represented to "them that said horse was a thoroughly bred German coach horse, registered in the stud book of Germany, and that they would furnish and deliver to the plaintiffs (defendants in error) a certificate of such registration from the stud books of Germany, showing the registration of such horse therein; that the registration number of said horse in said stud books of Germany was No. 51. Plaintiffs (defendants in error), relying upon such representations, did then

purchase said horse for the sum of $2,200, then duly paid to the defendants (plaintiffs in error) in the negotiable promissory notes of the plaintiffs (defendants in error) delivered to defendants (plaintiffs in error)." Here followed a statement in detail that the horse was not in any of the particulars as represented, and also the failure of the parties to furnish the certificate of registration as promised, and the consequent and resulting uselessness of said horse to the purchasers for the purpose for which they had bought him, and a prayer for damages in the sum of $1,900. The answer of plaintiffs admitted the sale of the horse to defendants in error for the sum of $2,200, and the execution and delivery of the promissory notes of the defendants in error to plaintiffs in error in that amount; that they represented the horse to be a thoroughly bred one, averred that no part of the purchase price of the horse had ever been paid, and denied each and every other allegation of the petition. There was a trial to the court and a jury, resulting in a verdict for $1,100 in favor of defendants in error, from which there was afterwards remitted $400, and for the balance judgment was rendered.

One assignment of the petition in error is as follows: "The court erred in giving the 1st, 2d, 3d, 4th, 5th, 6th, and 7th paragraphs of the instructions given by the court upon its own motion." Under this, objections to some of the instructions enumerated are urged in the arguments contained in the brief filed for the complaining parties. Of the instructions against which this assignment is directed, the one designated as "1st" therein is a part of a statement of the issues, or of the cause of action as outlined in

the petition in the case, and as such is proper and not erroneous, and this being determined, it disposes of the entire assignment, as the alleged errors in relation to giving the instructions designated are not separately assigned, but *en masse,* and need not be further examined or considered.

Another assignment of error is as follows: "The court erred in giving the 1st, 2d, and 3d paragraphs of the instructions asked by the defendant in error." Instruction numbered 2, included in this assignment, reads as follows: "The court instructs the jury that if you find from the evidence that the paper introduced in evidence as plaintiff's Exhibit B was given by defendants to plaintiff, and represented at the time by defendants to be a certificate of registration or pedigree, when in fact it was neither, this fact is alone a circumstance tending to prove fraud." It is contended by counsel for plaintiff in error that the trial court, by the use of the words "when in fact it was neither," referring to Exhibit B, told the jury that the paper was not a certificate of registration or pedigree, and that this should not have been done, but the jury should have been instructed to determine from the evidence whether it was or was not such a certificate. Let it be conceded, for the purpose of argument, that the instruction was open to the objection urged against it; then, whether or not the court erred in giving it must depend upon the answer to another question, viz., was there or not uncontroverted testimony introduced that such paper was not a certificate of registration, or was such fact fully proved and without conflict in the evidence adduced in relation to it? If so, the court did not err in giving the instruction. The determination of this latter query ne-

cessitates a reference to and examination of the
testimony.    The document attached to the record
which purports to be a bill of exceptions has never
been allowed as required by law.    The parties, by
their counsel, stipulated that the clerk of the dis-
trict court might sign and allow the bill of excep-
tions, but he failed to exercise the power or right
thus conferred, or to perform the duty of signing
and allowing it.    To present for the consideration
and determination of this court errors alleged to
have occurred during the trial of a case in the dis-
trict court, a bill of exceptions, settled and al-
lowed in accordance with the legal requirements,
is indispensably necessary, and if not authenti-
cated it cannot be examined or used in the cause
for any purpose.    (*Scott v. Spencer*, 42 Neb., 632;
*Glass v. Zutavern*, 43 Neb., 334.)    This being true,
we cannot inspect the evidence in this case to
ascertain whether the fact stated to the jury by
the court in the instruction requested and given
was thereby proved and undisputed or not, and
cannot say but that it was entirely proper for the
court to give the instruction.    It will not be pre-
sumed that the trial court erred.    Error must be
affirmatively shown.    If not, the presumption
must prevail that the court acted and proceeded
correctly, and that the testimony was such as
fully warranted the giving the instruction as read
to the jury.    (*Willis v. State*, 27 Neb., 98; *Romberg
v. Hediger*, 47 Neb., 201.)    The assignment of error
was not directed to each of the instructions, but to
all, and as it was without force as to one, in ac-
cordance with the well established rule of this
court, it fails and must be overruled as to all.
(*Wax v. State*, 43 Neb., 18.)

There are other and further assignments of

error which are urged in the brief filed for plaintiff in error, but to arrive at a decision of the questions raised by each and all of them an inspection or investigation of the testimony given at the trial must be made, or of portions of it. We have hereinbefore determined that such evidence has not been preserved in the manner provided by law and is not before us and cannot be used herein; that errors must be affirmatively shown, and if not, it will be presumed that the proceedings of the trial court were without error in the particular of which complaint is made. It follows that the further assignments of error must be overruled and the judgment of the district court

AFFIRMED.