ABRAHAM LAUDER V. STATE OF NEBRASKA.

FILED JANUARY 7, 1897. No. 8630.

1. **Criminal Law: INSTRUCTIONS: RECORD FOR REVIEW.** Error in the refusal to give a proffered instruction must affirmatively appear from an inspection of the entire record; and if a case is presented on a transcript unaccompanied by a bill of exceptions, and there may have been a possible state of the facts disclosed by the evidence which would have warranted such refusal, the assignment of error must be overruled.

2. **Motion for New Trial: JURISDICTION OF JUDGE.** A judge of the district court, within his own judicial district, has jurisdiction to and may hear and determine a motion for new trial in a case wherein the judge of another district presided during the trial, but, before the hearing of the motion for new trial, has ceased to preside.

ERROR to the district court for Douglas county. Tried below before NORRIS, J. *Affirmed.*

The opinion contains a statement of the facts.

*Lee S. Estelle,* for plaintiff in error:

The instruction requested by defendant below was erroneously refused. (*State v. Wilkins,* 28 Atl. Rep. [Vt.], 327; *Baccio v. People,* 41 N. Y., 265; *Higgins v. People,* 58 N. Y., 377.)

The motion for a new trial could not lawfully be heard before a judge other than the one who presided at the trial. (*Ohms v. State,* 5 N. W. Rep. [Wis.], 829; *Manhattan, A. & B. R. Co. v. Keeler,* 32 Kan., 163; *Bass v. Swingley,* 22 Pac. Rep. [Kan.], 716.)

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General,* for the state.

HARRISON, J.

July 12, 1895, an information was filed in the district court and by the county attorney of Douglas county, in which the plaintiff in error was charged with the crime

of assault with intent to commit rape. In the due course of the proceedings in the case he was arraigned, entered a plea of not guilty, was accorded a trial, as a result of which he was by the jury adjudged guilty, and, subsequent to the consideration and overruling of a motion for a new trial filed in his behalf, was sentenced to imprisonment in the penitentiary for a term of fifteen years.

One of the alleged errors assigned and urged in this court is that the trial court refused to give an instruction requested by plaintiff in error, in the following language: "You are instructed that you should take into consideration the delay of bringing prosecution, and the fact that. Emma Anderson did not make complaint herself, or cause it to be done." The argument here is directed to the proposition that it was error to refuse to inform the jury that the delay in instituting the prosecution was an act for their consideration. The information, as we have before stated, was filed July 12, 1895, and the crime was alleged to have been committed September 15, 1894. Whether this instruction, viewed generally, was one proper to be given in criminal actions of the nature of the one at bar, we need not now determine. There might have existed a condition of the facts, as disclosed by the evidence, as applicable to which its giving would not have been proper, but there is no bill of exceptions in the record, hence the evidence is not before us; and if the instruction might have been correct and applicable to some state of the facts, we cannot say that there was not evidence which made the refusal to read it without error. If there was error in the denial of the request to give the instruction, it must affirmatively appear from the entire record. (*Willis v. State*, 27 Neb., 98; *Oltmanns v. Findlay*, 47 Neb., 289.)

Hon. W. F. Norris, judge of the eighth judicial district, presided at the trial of the case, acting for and as one of the judges of the fourth judicial district. The verdict of the jury was adverse to the plaintiff in error and a motion on his part for a new trial was duly filed. When

this motion was called for hearing Judge Norris had ceased to preside over the court, and Judge C. R. Scott, of the fourth judicial district, was then on the bench, who heard the motion for a new trial and acted upon it, with the result we have hereinbefore stated. It is urged that it was error for Judge Scott to hear and dispose of the motion for new trial; that none other than the trial judge is competent to or can intelligently pass upon the questions raised by such motions. We will first notice the fact that no objection was made at the time to the hearing of the motion by Judge Scott, and there was no request or demand that Judge Norris be called upon to be present and hear the motion. From all that appears of record, the plaintiff in error was willing that the matter should be submitted to Judge Scott for his decision, and not having complained there, plaintiff in error should not be heard to object now. But, passing to the main question, Judge Scott was one of the judges of the fourth judicial district, wherein the case was tried and the motion was for hearing, and had jurisdiction, was fully authorized and empowered to hear and determine this or any matter then pending in the courts of the district, except such as he might be disqualified by law from hearing; and that he heard and ruled on the points raised by the motion for a new trial in the present case, in its then existing condition as disclosed by the record here, was not error. We acknowledge the full force of the arguments of counsel for plaintiff in error on this point, and have examined the decisions cited in support of the doctrine for which he contends, but the subject has heretofore been considered by this court and decided, no doubt, after due deliberation, and we now feel disposed to follow the rule then announced. In the decision of the case of *State v. Gaslin*, 32 Neb., 291, wherein the judge of the then eighth judicial district had, at the request of the judge of the tenth judicial district, presided during the trial of a cause in a county in the last mentioned district, and before the hearing of the motion for a new

trial had left the county and district, and the motion for a new trial was heard and decided by one of the judges of such district, the main facts and conditions being parallel with the circumstances existent in the case at bar, it was stated: "Where, after a verdict has been returned in the district court, the judge of another district, who tried the cause, ceased to preside and returns to his own district before the motion for a new trial is heard and determined, the motion may be passed upon by the court where the case is pending where the judge of the district is sitting." (See, also, *Chicago, P. & S. R. Co. v. Town of Marseilles*, 107 Ill., 315; *Manufacturers Mutual Fire Ins. Co. v. Daboll*, 44 N. W. Rep. [Mich.], 604; *Malone v. Eastin*, 2 Port. [Ala.], 182.)

There are no other alleged errors presented, and it follows from the conclusions announced that the judgment of the district court will be

AFFIRMED.