OTIS V. LUSTER, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

29 N. W. 2d 364

Filed October 17, 1947. No. 32307.

*William N. Jamieson,* for plaintiff in error.

*Walter R. Johnson*, Attorney General, *C. S. Beck*, and *Robert A. Nelson*, for defendant in error.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and THOMSEN, District Judge.

PAINE, J.

The information in this case charged the plaintiff in error, hereinafter called defendant, with murder in the first degree, to which he entered a plea of not guilty. Upon trial, the jury returned a verdict of manslaughter, and defendant was given a sentence of four years.

Defendant's petition in error sets out 32 errors of the trial court, but in his brief there is only one assignment of error, therefore all other alleged errors will be considered as waived. Mason v. State, 132 Neb. 7, 270 N. W. 661.

The error assigned is limited to the giving of three instructions to the jury, to wit, Nos. 9, 14, and 15. These three instructions will be considered solely with reference to the transcript, as no bill of exceptions has been brought to this court.

Instruction No. 9 is an instruction of four paragraphs on intent, ending with the paragraph: "A knife is a deadly weapon, and, if you find that the defendant intentionally cut the deceased with a knife, then the presumption would be that the defendant intended the natural and probable consequences of the cutting."

Defendant contends that this instruction, or any instruction on intent, is not applicable to the crime of murder in the first degree, but is only proper in felonious assault cases where intent is an essential requisite of the crime, as assault with intent to commit murder, rape, sodomy, or robbery.

Section 28-401, R. S. 1943, provides in part as follows: "Whoever shall purposely and of deliberate and premeditated malice * * * kill another; * * * every person

so offending shall be deemed guilty of murder in the first degree, * * *."

It may be admitted that the word "intent" does not occur in this statute, or in the approved short-form information for murder, as set out in Nichols v. State, 109 Neb. 335, 191 N. W. 333, yet in the section of the statute just set out the word "purposely" appears twice, and this court has held that "purposely" means "intentionally." See Pembrook v. State, 117 Neb. 759, 222 N. W. 956. Therefore, the defendant is in error in contending that intent is not an essential element of the crime of murder in the first degree.

However, in the case at bar, the defendant was convicted only of manslaughter, which, as will be observed, eliminated any question of the alleged error in instruction No. 9. If the instruction required a greater burden of proof to find defendant guilty of murder in the first degree, as defendant wrongly contends, it would be more favorable to him than required by law, and operate to his benefit.

"A defendant in a criminal action may not predicate error on an instruction that is more favorable to him than is required by the law applicable to the charge made." Crawford v. State, 116 Neb. 629, 218 N. W. 421. See, also, Stump v. State, 132 Neb. 49, 271 N. W. 163.

The defendant next alleges error in instruction No. 14, the first paragraph of which reads: "The essential elements of the crime of manslaughter as implied in this information, are that the defendant on or about the 20th day of October, 1946, in the County of Douglas, and State of Nebraska, then and there, without deliberation, premeditation or malice, did then and there unlawfully and feloniously kill one Theodore Dalton, on a sudden quarrel or while in the commission of an unlawful act, actuated by passion or anger."

Section 28-403, R. S. 1943, reads as follows: "Whoever shall unlawfully kill another without malice, either upon a sudden quarrel, or unintentionally, while the

slayer is in the commission of some unlawful act, shall be deemed guilty of manslaughter; and upon conviction thereof shall be imprisoned in the penitentiary not more than ten years nor less than one year."

The alleged error which defendant claims is prejudicial is in the omission of the two words, "or unintentionally," which in the statute follow the words, "upon a sudden quarrel," as well as in adding the words, "actuated by passion or anger."

We find that in instruction No. 13 the court properly set out the statute on manslaughter.

In the case of Chadek v. State, 138 Neb. 626, 294 N. W. 384, instruction No. 8 also omitted the word "unintentional," and we said there that the defendant had tendered no instruction and that instructions Nos. 7 and 8 adequately covered the offense of manslaughter, and the same is true in the case at bar, where the jury would clearly understand that instructions Nos. 13 and 14, taken together, covered manslaughter.

Lastly, we will examine the alleged error in instruction No. 15. There are five paragraphs in this instruction covering the law on self-defense, the last two paragraphs reading as follows:

"If, however, you find that the defendant's cutting with a knife, which cutting resulted in the wounding and death of Theodore Dalton, was not in self-defense but in an effort to kill or wound Theodore Dalton, then you shall find the defendant guilty of whatever charge you may find the defendant's intent indicates he had in mind.

"It is incumbent upon the State to satisfy you by the evidence beyond a reasonable doubt that the cutting with a knife was not done in self-defense, and if you are not so satisfied, you should render a verdict of not guilty for the defendant."

Defendant charges that the word "cutting" is superfluous and tended to confuse the jury, and that the word "intent" is not essential to the crime of manslaughter.

We are then cited to the case of Thompson v. State, 61 Neb. 210, 85 N. W. 62, in which a verdict and sentence for murder in the second degree was rendered, and this court said: "It has been frequently decided by this court, and the rule is a just one and founded in good sense, that the jury should not be required to choose between conflicting instructions."

The defendant insists that slight inaccuracies in minor respects in a single instruction constitute reversible error. This court has in the past refused to accept that argument, and has repeatedly held that whether an instruction is reversibly erroneous is not to be determined from its language alone, but from an examination and consideration of the whole charge, and that a verdict will not be reversed in the appellate court merely because a single instruction, when considered separately, is slightly inaccurate. In other words, if the charge to the jury in its entirety correctly states the law, that is sufficient. See Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533; Frades v. State, 131 Neb. 811, 270 N. W. 314; Norton v. State, 119 Neb. 588, 230 N. W. 438; McVey v. State, 57 Neb. 471, 77 N. W. 1111; Bode v. State, 80 Neb. 74, 113 N. W. 996.

As the instructions, as a whole and construed together, present no prejudicially erroneous statement of law, and properly submitted the legal issues involved to the jury, the sentence is hereby affirmed.

AFFIRMED.