BERNARD F. SHANAHAN, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

77 N. W. 2d 234

Filed May 25, 1956. No. 33939.

*Dryden & Jensen,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is a criminal action originally instituted in the county court of Merrick County by the State of Nebraska as plaintiff against the defendant Bernard F. Shanahan. By complaint duly filed it was charged that Shanahan committed the offense of operating a motor vehicle in said county while under the influence of intoxicating liquor. He was tried in the county court and convicted

of the offense charged against him. From this conviction he appealed to the district court where he was tried before a jury. The jury returned a verdict finding him guilty of the charge. Following conviction he filed a motion for new trial which motion was overruled. Following the overruling of the motion for new trial he was sentenced to pay a fine of $100, his motor vehicle operator's license was suspended for 6 months, and court costs were taxed against him. From this sentence and judgment the defendant has come to this court by petition in error seeking a reversal of the judgment and sentence. Shanahan is plaintiff in error but will be referred to hereinafter as defendant. The State of Nebraska is defendant in error and will be referred to as the State.

The defendant predicates error on the part of the trial court in giving instruction No. 4 on its own motion to the jury. Instruction No. 4 reads as follows: "A person is intoxicated or is under the influence of alcoholic liquor if such person is under the influence of alcoholic liquor to such an extent as to have lost to an appreciable degree the normal control of his body and mental faculties."

In this connection, the defendant cites Freeburg v. State, 92 Neb. 346, 138 N. W. 143, Ann. Cas. 1913E 1101. In the cited case the court defined "intoxicated" as follows: " 'The word "intoxicated" is synonymous with "drunk," and in the Standard Dictionary "drunk" is defined as under the influence of intoxicating liquor to such an extent as to have lost the normal control of one's bodily and mental faculties, and commonly to evince a disposition to violence, quarrelsomeness and bestiality.' 4 Words and Phrases, 3734. 'The word "intoxication" means an abnormal mental or physical condition due to the influence of alcoholic liquors, a visible excitation of the passions, and impairment of the judgment, or a derangement or impairment of physical functions or energies. This implies a condition which

would not result from the reasonable, ordinary, and moderate use of the most intoxicating liquors.'" The court instructed the jury that where a person is under the influence of intoxicating liquor to such an extent that it affects him mentally or physically, and that such effect resulting from the use of intoxicating liquor is visible to one observing such person, then as a matter of law said person would be in a drunken or intoxicated condition. In criticizing the instruction, the court said: "It makes the mere fact that the effect resulting from the use of intoxicating liquor is visible sufficient evidence that the person is drunk."

The defendant's contention is that instruction No. 4, given by the trial court on its own motion in the instant case, is subject to the same criticism as stated in Freeburg v. State, *supra,* and further, that instruction No. 4 in the instant case does not go on and limit its application to the operation by the defendant of a motor vehicle, therefore the instruction did not fully cover the situation and as a consequence thereof, the defendant was denied a fair trial and is entitled to reversal of this case.

It will be observed, the instruction in the above-cited case employed the test of visible effect to determine if one was under the influence of intoxicating liquor. Instruction No. 4 given in the instant case does not limit its meaning to the test of visibility. We fail to see wherein the instruction in the instant case bears any relation to that given in the cited case.

The instant case is presented for review in this court upon the transcript alone, without a bill of exceptions.

In Willis v. State, 27 Neb. 98, 42 N. W. 920, this court said: "Where a case is presented upon the transcript alone, without a bill of exceptions, instructions given to the trial jury by the district court will be presumed to be correct, unless they misstate the law and contain propositions which could not be held correct in any possible case made by the proof under the complaint or

information upon which the prosecution was founded, all presumptions being in favor of the regularity of the proceedings of the district court."

In State v. Kastle, 120 Neb. 758, 235 N. W. 458, this court said: "When no bill of exceptions, showing the evidence, is presented on review, instructions that might have been proper under any evidence that might have been legally admissible under the pleadings or information will not be held prejudicial and erroneous. The presumption of law is in favor of the instructions." See cases cited therein.

In the instant case instructions given by the trial court to the jury show the following: Instruction No. 1 informs the jury that this case is a prosecution for unlawfully operating a motor vehicle in the county while under the influence of alcoholic liquor. Instruction No. 3 defines the offense in the language of the statute, wherein it is provided that: "It shall be unlawful for any person to operate * * * any motor vehicle while under the influence of alcoholic liquor * * *." § 39-727, R. S. Supp., 1955.

We believe the applicable rule to be as follows: "Instructions are to be considered together to the end that they may be properly understood, and, when so construed, if as a whole they fairly state the law applicable to the evidence, error cannot be predicated on the giving of the same." Lovings v. State, 158 Neb. 134, 62 N. W. 2d 672.

In Luster v. State, 148 Neb. 743, 29 N. W. 2d 364, this court said: "In other words, if the charge to the jury in its entirety correctly states the law, that is sufficient." See, also, Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533, 169 A. L. R. 868.

Instruction No. 4, when considered with the other instructions in the case, does not misstate the law. The instruction, when analyzed, is to the effect that if the defendant was found to have been under the influence of alcoholic liquor to such an extent that he appreciably

had lost normal control of his body and mental faculties, naturally it shows that his ability to operate a motor vehicle under such circumstances would not be such as that of a man of ordinary prudence and caution in full possession of his faculties.

We are unable to detect any error by an inspection of the record before us, and the judgment of the district court must therefore be affirmed.

AFFIRMED.