STATE OF NEBRASKA, APPELLEE, V. RICHARD M. NELSON,
APPELLANT.
509 N.W.2d 232

Filed December 7, 1993.   No. A-92-448.

Clarence E. Mock, of Johnson and Mock, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

CONNOLLY, IRWIN, and WRIGHT, Judges.

CONNOLLY, Judge.

This appeal arises from the convictions of the appellant, Richard M. Nelson, of driving while under the influence of

alcohol, third offense, and refusing to submit to a chemical blood, breath, or urine test. Nelson appealed his county court convictions to the district court on grounds that the trial court had committed prejudicial error by giving an improper jury instruction on the meaning of "under the influence of alcoholic liquor." The district court affirmed the judgment of the county court. The State contends that Nelson's assignment of error concerning the jury instruction is not properly before this court due to an alleged failure by Nelson to comply with the rules of appellate procedure in perfecting his appeal to the district court. We find that Nelson's assignment of error is properly before us. We affirm.

## I. FACTS

As a result of an incident on August 12, 1991, Nelson was charged in county court with count I, driving while under the influence of alcoholic liquor, third offense, in violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1990); count II, refusing to submit to a chemical blood, breath, or urine test in violation of § 39-669.08(4) (Cum. Supp. 1990); and count III, driving in excess of the posted speed limit in violation of Neb. Rev. Stat. § 39-662 (Reissue 1988).

At trial, Nelson tendered a jury instruction in which a person "under the influence of alcoholic liquor" was defined as one who has consumed a quantity of alcohol sufficient to affect

> the nerves, brain, and muscles of the operator or person in actual physical control of a motor vehicle so as to impair to an appreciable degree his ability to operate his motor vehicle in the manner that an ordinary, prudent, and cautious man, in the full possession of his faculties, would operate the same . . . .

The operative language of Nelson's proposed instruction tracked the language used by the Nebraska Supreme Court in a long line of cases, most recently *State v. Green*, 238 Neb. 328, 470 N.W.2d 736 (1991), to define "under the influence of alcoholic liquor" for purposes of § 39-669.07. The trial court rejected Nelson's instruction, and instead gave the following instruction:

INSTRUCTION #4

1. "Operate" shall mean the actual physical handing [sic] of the controls of a motor vehicle.

2. "Alcoholic liquor" shall mean and include alcohol, spirits, wine and beer capable of being consumed as a beverage by a human being.

3. "Actual physical control of a motor vehicle" means one present in a motor vehicle directing influence, dominion or regulation thereof.

4. "A person is under the influence of alcoholic liquor" within the meaning of the law making it unlawful to operate a motor vehicle or be in the actual physical control of a motor vehicle while under the influence of alcoholic liquor, if he has consumed intoxicating liquor to such an extent as to have lost to an appreciable degree the normal control of his body or mental faculties and to the extent there is an impairment of the capacity to think and act correctly and efficiently.

The jury found Nelson guilty as charged on counts I and II. Nelson was sentenced to concurrent jail terms of 6 months on count I and 30 days on count II. He was fined $500 on each count, and his license was revoked and suspended for concurrent terms of 15 years on count I and 6 months on count II.

Nelson filed a timely notice of appeal in the county court. We now set out the substance of Nelson's notice of appeal in the form in which it appears in the record:

YOU ARE HEREBY NOTIFIED of Richard M. Nelson's appeal from the jury verdict rendered on February 27, 1992 and the sentence of the Dodge County Court entered on March 31, 1992 to the District Court of Dodge County for the following reason:

1. The Dodge County Court erred in giving Instruction No. 4 that incorrectly defined the term "Under the Influence" within the meaning of *Neb. Rev. Stat.* §39-669.07 (Cum. Supp. 1990).

The notice of appeal was filed in the county court on March 31, 1992. Nelson did not file a separate statement of error in conjunction with his appeal to the district court, but his notice

of appeal was included in the county court transcript that was before the district court on appeal. The county court transcript was filed with the district court on April 1.

The judgment of the county court was affirmed by the district court, and Nelson subsequently appealed to this court.

## II. ASSIGNMENT OF ERROR

Nelson argues that the district court erred in affirming the judgment of the county court because instruction No. 4 was "incomplete, misleading[,] and thereby adversely affected Nelson's substantial and material right to have the jury properly instructed as to the applicable law."

## III. STANDARD OF REVIEW

Prejudicial error regarding jury instructions may not be predicated solely upon a particular sentence or phrase in an isolated instruction, but must appear from consideration of the entire instruction of which the sentence or phrase is a part, as well as consideration of other relevant instructions given to the jury. All the instructions must be read together, and if the instructions taken as a whole correctly state the law, are not misleading, and adequately cover the issues, there is no prejudicial error. *State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987).

## IV. ANALYSIS

### 1. PRESERVATION OF ASSIGNMENT OF ERROR

When an appellate court reviews a decision of a district court which affirmed, reversed, or modified a decision of a county court, it will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the appellate court. *State v. Richter*, 240 Neb. 913, 485 N.W.2d 201 (1992); *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990). On the matter of perfecting an appeal to the district court from a judgment rendered in the county court, Neb. Ct. R. of Cty. Cts. 52(I)(G) (rev. 1992), which was in effect during the relevant time, stated in part:

> Within 10 days of filing a notice of appeal, the appellant shall file with the district court a statement of errors, which shall consist of a separate, concise statement of each

error a party contends was made by the trial court. Each assignment of error shall be separately numbered and paragraphed.

Pursuant to rule 52(I)(G), the district court's appellate jurisdiction is limited to review of errors assigned and discussed in the statement of errors. The district court also has jurisdiction to review the record for plain error not assigned.

The State argues that Nelson's assignment of error is not properly before this court because Nelson did not file with the district court a separate statement of error in addition to the notice of appeal filed in the county court. The State urges this court to ignore Nelson's assignment of error and instead limit our review of the record to a search for plain error.

Rule 52(I)(G) did not require an appellant to file two separate pieces of paper, a notice of appeal and a separate statement of errors. While the more common practice might have been to file a statement of errors separately from the notice of appeal, nothing in rule 52(I)(G) prevented an appellant from incorporating a statement of errors directly into a notice of appeal. Rule 52(I)(G) merely requires that each statement of error be separately numbered and paragraphed. The purpose of the rule is to direct the attention of the reviewing court to precisely what error was allegedly committed by the lower court and to advise the nonappealing party of what is specifically at issue in the appeal. See *State v. Boye*, 1 Neb. App. 548, 499 N.W.2d 860 (1993).

In an appeal to the district court from a judgment of the county court, Neb. Rev. Stat. § 25-2731 (Reissue 1989) requires the clerk of the county court to transmit a certified copy of the transcript to the district court within 10 days of the perfection of the appeal. Pursuant to rule 52(I)(B)(1)(c), the notice of appeal is one of the documents that the clerk must include in the transcript. Therefore, we hold that an appellant who has incorporated a properly drafted statement of errors directly into a notice of appeal from a judgment of the county court has satisfied the requirement in rule 52(I)(G) concerning the timely filing of a statement of errors with the district court.

In Nelson's notice of appeal, his assignment of error was concisely stated in a separately numbered paragraph in

accordance with the requirements of rule 52(I)(G). Nelson's notice of appeal containing the statement of error was filed in the county court on March 31. The county court transcript containing the notice of appeal was filed in the district court on April 1. Thus, Nelson's statement of error was filed with the district court 1 day after the filing of his notice of appeal in the county court, which means that Nelson complied with the requirement in rule 52(I)(G) that a statement of errors be filed with the district court within 10 days of the filing of a notice of appeal in the county court. Consequently, his assignment of error concerning instruction No. 4 was properly before the district court and is now properly before this court.

## 2. INSTRUCTION NO. 4

The State argues that Nelson forfeited his right to challenge instruction No. 4 before this court because he did not have the entire set of jury instructions preserved in the record. We do not decide whether Nelson was remiss in neglecting to include other instructions in the record because we find that instruction No. 4, standing alone, was a correct statement of the law.

It is not error for a trial court to refuse to give a defendant's requested instruction where the substance of the requested instruction was covered in the instructions given. *State v. Hernandez*, 242 Neb. 78, 493 N.W.2d 181 (1992). We find no substantive difference between the instruction given by the trial court and the one proposed by Nelson. A person who has lost to an appreciable degree the normal control of his mind and body to the extent that he is impaired in his capacity to think and act correctly and efficiently is indistinguishable from a person who is impaired to an appreciable degree in his ability to operate a motor vehicle in the manner of an ordinary, prudent, and cautious person in full possession of his faculties. Logic dictates that one cannot act in the prudent and cautious manner of a person in full possession of his faculties if one has lost control of his ability to think and act normally, correctly, and efficiently.

Nelson argues that the connection between impairment and the ability to operate a motor vehicle was not made for the jury. We disagree. The clear message of the trial court's instruction

was that a person is impaired for purposes of operating a motor vehicle if he has consumed so much alcohol that he is no longer in full possession of his faculties and has lost control of his ability to think and act correctly. That is a correct statement of the law.

In *Shanahan v. State*, 162 Neb. 676, 77 N.W.2d 234 (1956), the Nebraska Supreme Court upheld an instruction similar to the one challenged in the case at bar. The instruction challenged in *Shanahan* read as follows: " 'A person is intoxicated or is under the influence of alcoholic liquor if such person is under the influence of alcoholic liquor to such an extent as to have lost to an appreciable degree the normal control of his body and mental faculties.' " *Id.* at 677, 77 N.W.2d at 236. That instruction was considered with an instruction which informed the jury that the case was a prosecution for unlawfully operating a motor vehicle while under the influence of alcoholic liquor, and with another instruction which tracked the statutory language defining the offense, stating that " '[i]t shall be unlawful for any person to operate . . . any motor vehicle while under the influence of alcoholic liquor . . . .' § 39-727, R. S. Supp., 1955." 162 Neb. at 679, 77 N.W.2d at 237.

(The record now before us indicates that an instruction defining the offense similar to that in *Shanahan* quoted immediately above was given as instruction No. 3. However, instruction No. 3 is not preserved in the record.)

In *Shanahan*, the court held that when considered with the other instructions, the challenged instruction did not misstate the law. The court reasoned that the challenged instruction was

> to the effect that if the defendant was found to have been under the influence of alcoholic liquor to such an extent that he appreciably had lost normal control of his body and mental faculties, naturally it shows that his ability to operate a motor vehicle under such circumstances would not be such as that of a man of ordinary prudence and caution in full possession of his faculties.

162 Neb. at 679-80, 77 N.W.2d at 237.

We find no substantive difference between the combined instructions in *Shanahan* and the following excerpt from instruction No. 4 in the case at bar:

"A person is under the influence of alcoholic liquor" within the meaning of the law making it unlawful to operate a motor vehicle or be in the actual physical control of a motor vehicle while under the influence of alcoholic liquor, if he has consumed intoxicating liquor to such an extent as to have lost to an appreciable degree the normal control of his body or mental faculties and to the extent there is an impairment of the capacity to think and act correctly and efficiently.

The statutory definition of the offense of driving while under the influence that was in effect at the time of the offense was the same as that quoted above in *Shanahan*: "It shall be unlawful for any person to operate . . . any motor vehicle . . . [w]hile under the influence of alcoholic liquor . . . ." § 39-669.07(1)(a). In *Shanahan* and in the case at bar, the jury was informed that an operator of a motor vehicle who has less than full possession of his or her faculties due to consumption of alcohol is a person who is impaired in his or her ability to operate a motor vehicle and, consequently, is a person who has violated the law prohibiting operation of a motor vehicle while under the influence of alcoholic liquor.

## V. CONCLUSION

While confusion might have been avoided had the trial court adopted Nelson's proposed instruction and used the definition of "under the influence of alcoholic liquor" that has been approved in the line of Nebraska Supreme Court cases cited by Nelson, we find no error in the instruction given by the trial court.

AFFIRMED.