IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

BAHSHOOTA V. WOODHOUSE FAMILY AUTO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ALIMA BAHSHOOTA, APPELLANT,

V.

WOODHOUSE FAMILY AUTO, APPELLEE.

Filed June 4, 2024.    No. A-23-737.

Appeal from the District Court for Douglas County: HORACIO J. WHEELOCK, Judge. Affirmed.

Alima Bahshoota, pro se.

John A. Svoboda and Claire E. Monroe, of Dvorak Law Group, L.L.C., for appellee.

MOORE, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Alima Bahshoota appeals from the Douglas County District Court's order that affirmed the Douglas County Court's dismissal of her action against Woodhouse Family Auto (Woodhouse). For the reasons stated herein, we affirm.

## STATEMENT OF FACTS

In March 2022, Bahshoota filed a pro se complaint in Douglas County Court seeking, inter alia, $25,000 in damages due to Woodhouse selling her a car under false pretenses, fraud, and "larceny by trick." She later amended the complaint to allege that: Woodhouse deliberately refused to allow her to purchase a warranty based on a false statement; she incurred $891.22 in Uber expenses since the vehicle's malfunction; she experienced emotional distress and mental anguish due to lack of sufficient transportation; and during the course of the case, Woodhouse has

- 1 -

attempted to prolong the case by engaging in fraudulent conduct. Bahshoota requested increased damages of $45,000 and reconciliation of any damage to her credit.

In its answer to Bahshoota's amended complaint, Woodhouse asserted that it was an "improperly named" defendant; denied the allegations contained in Bahshoota's amended complaint; and asserted affirmative defenses, including failure to state a cause of action upon which relief could be granted, failure to join a necessary or proper defendant, and that the vehicle was purchased "as is." Woodhouse requested that the court dismiss Bahshoota's amended complaint.

A bench trial was held in May 2023. During the trial, the court rejected Bahshoota's attempts to introduce the following exhibits into evidence on various bases: an analytics report and a report from Firestone, based on foundation objections; text messages, based on hearsay and foundation objections; and google search results, based on foundation, relevancy, and hearsay objections. At the close of Bahshoota's case, the county court granted Woodhouse's motion to dismiss for failure to prove a claim.

On June 15, 2023, Bahshoota timely appealed the county court's decision to the district court. Bahshoota utilized fillable Nebraska state court forms for the notice of appeal, the application and affidavit to proceed in forma pauperis, the praecipe for transcript, and the request for a bill of exceptions. She also filed a typed "notice of appeal" that included separate paragraphs in which she alleged that the county court erred in excluding her exhibits consisting of text messages, the Woodhouse report, and the Firestone report. These documents were all filed with the county court on June 15, 2023. The clerk of the county court timely transmitted the record to the district court the following day.

Following a hearing, the district court affirmed the decision of the county court finding:

> Having considered the record and arguments before it and the local rules cited above, the Court determines that [Bahshoota] failed to timely file a statement of errors with the District Court and no plain error appears on the record. The notice of appeal does not count as the statement of errors because the statement of errors must be filed with the district court after the filing of the bill of exceptions and the notice of appeal is filed with the county court. As previously stated the Court reviewed the record for plain error and the Court found no plain error on the record. Accordingly, the judgment of the county court is summarily affirmed.

Bahshoota, pro se, timely appeals from the district court's order affirming the county court's dismissal of her complaint.

ASSIGNMENTS OF ERROR

Bahshoota's brief on appeal does not include an assignment of error section, thus violating this court's rules requiring a separate "assignments of error" section stating the assigned errors apart from the arguments in a brief. Neb. Ct. R. App. P. § 2-109(D)(1)(e). A pro se party is held to the same standards as one who is represented by counsel. *State v. Anders*, 311 Neb 958, 977 N.W.2d 234 (2022).

Because Bahshoota failed to follow this court's rules regarding briefing, we may proceed as though she failed to file a brief or, alternatively, may examine the proceeding for plain error. *In*

*re Interest of Sloane O.*, 291 Neb. 892, 870 N.W.2d 110 (2015). The decision to proceed on plain error is at the discretion of the appellate court. *Wilson v. Wilson*, 23 Neb. App. 63, 867 N.W.2d 651 (2015). In this case, we review the decision of the district court for plain error.

## STANDARD OF REVIEW

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018).

## ANALYSIS

Because Bahshoota failed to include an assignment of errors section in her brief, we review this case under a plain error review. We note that Bahshoota argues that the district court erred in reviewing her appeal under a plain error standard based upon its determination that she did not timely file a statement of errors. Thus, we consider whether Bahshoota's document titled notice of appeal, which contains paragraphs listing alleged errors committed by the county court, complies with court rules regarding the filing of a statement of errors.

At the time that Bahshoota appealed the county court's decision, Neb. Ct. R. § 6-1518(B) (rev. 2022) stated:

> Within 10 days of filing the bill of exceptions in an appeal to the district court, the appellant shall file with the district court a statement of errors which shall consist of a separate, concise statement of each error a party contends was made by the trial court. Each assignment of error shall be separately numbered and paragraphed. Consideration of the cause will be limited to errors assigned, provided that the district court may, at its option, notice plain error not assigned. This rule shall not apply to small claims appeals.

We note that this rule has since been amended, effective November 1, 2023, to increase the time for filing the statement of errors in the district court to within 20 days of filing the bill of exceptions in an appeal to the district court. Neb. Ct. R. § 6-1518(B) (rev. 2023).

Here, Bahshoota failed to file a statement of errors that complied with § 6-1518(B) for two reasons. First, although her assignments of error were separately paragraphed, they were not separately numbered. Second, she failed to file her statement of errors with the district court.

We recognize that this court's prior opinion in *State v. Nelson*, 2 Neb. App. 289, 509 N.W.2d 232 (1993), held that an appellant who has incorporated a properly drafted statement of errors directly into a notice of appeal from a judgment of the county court has satisfied the requirement, as set forth in a previous rule, regarding the timely filing of a statement of errors with the district court. The rule concerning the filing of statement of errors in effect at that time provided:

> Within 10 days of filing a notice of appeal, the appellant shall file with the district court a statement of errors, which shall consist of a separate, concise statement of each error a party contends was made by the trial court. Each assignment of error shall be separately numbered and paragraphed.

*State v. Nelson*, 2 Neb. App. at 292-93, 509 N.W.2d at 235. We reasoned that because the clerk of the county court was required by statute to transmit a certified copy of the transcript to the district court within 10 days of the perfection of the appeal, a notice of appeal that incorporated a properly drafted statement of errors satisfied the requirement concerning the timely filing of a statement of errors with the district court.

However, the instant case is distinguishable from *Nelson*. In the prior version of the rule requiring a statement of errors, in effect in 1993, the statement of errors was required to be filed "within 10 days of filing a notice of appeal," whereas the rule in effect at the time that Bahshoota filed her appeal required the statement of errors to be filed "[w]ithin 10 days of filing the bill of exceptions in an appeal to the district court." § 6-1518(B). Further, in *Nelson*, the appellant's notice of appeal included his alleged error which was concisely stated in a separately numbered paragraph in accordance with court rules, whereas Bahshoota did not comply with the rule requiring assigned errors to be separately numbered and paragraphed. Because Bahshoota's notice of appeal containing her alleged errors by the county court failed to comply with § 6-1518(B), which requires alleged errors to be separately numbered and paragraphed, there was no plain error committed by the district court in conducting a plain error review of Bahshoota's appeal.

Bahshoota also argues that the county court erred in refusing to admit admissible evidence and in dismissing her complaint for failure to prove a claim. Having reviewed the exhibits excluded by the county court, specifically the Woodhouse report, the Firestone report, and the text messages, we find no plain error in their exclusion because Bahshoota attempted to admit these exhibits without calling witnesses to lay foundation for the exhibits after Woodhouse timely objected to their admission.

CONCLUSION

Having reviewed this appeal for plain error and finding none, we affirm the district court's order affirming the county court's dismissal of Bahshoota's amended complaint.

AFFIRMED.